STEPHEN MATTES v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 4, 1907.

Nos. 15,027—(165).

**Former Decision Followed.**

Former decision in this case, 95 Minn. 386, to the effect that defendant's shopyards came within the scope of the statute requiring railroad companies to fence their roads, and that whether the yards in question could be fenced, including the construction of necessary cattle guards, without materially impairing their usefulness, was a question of fact for the jury to determine, followed and applied.

**Railroad Fences—Cattle Guards.**

The rule laid down in Rosse v. St. Paul & Duluth Ry. Co., 68 Minn. 216, to the effect that the railroad fence statute was designed to prevent children, as well as animals, from entering upon railroad tracks, *held* to apply to cattle guards constructed as a part of the fence.

**Evidence.**

Evidence *held* to sustain the verdict.

Action in the district court for Stearns county by plaintiff, as administrator of the estate of Alois S. Mattes, deceased, to recover $5,000 for the death of decedent. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. L. Countryman* and *Geo. H. Reynolds,* for appellant.
*Bruener & Klasen* and *J. D. Sullivan,* for respondent.

BROWN, J.

This cause was here on a former appeal. 95 Minn. 386, 104 N. W. 234. On the first trial, the court directed a verdict for defendant, at the close of plaintiff's evidence, and the latter appealed from an order denying his motion for a new trial. We held on that appeal that the evidence presented a case for the jury on the several issues raised by the pleadings, and remanded the cause for a new trial. The second

[1]Reported in 110 N. W. 98.

trial resulted in a verdict for plaintiff for $1,000, and defendant appeals from an order denying its motion for judgment notwithstanding the verdict. Reference to the former opinion is here made for an understanding of the facts... It is unnecessary to restate them in this opinion.

We follow the former decision to the effect that the statutes imposing upon railroad companies the obligation to fence their roads apply to the repair shops and yards in question; and, hold, upon the evidence on this appeal, that the question whether it was practicable to fence them, without materially impairing the usefulness of the yards, was for the jury to determine. The court did not, as we read the charge, say to the jury that it was incumbent upon defendant to fence the entire tract of land upon which the yards were located, but instead, that such a fence would have been a compliance with the statute, and this at defendant's request, leaving them to say whether a fence encircling the yards was practicable. By their verdict for plaintiff, the conclusion that it was practicable must be taken as finally settled; and this applies not only to the fence proper, but to the cattle guards necessary to be constructed at the highway extending across the lead track to the west of the various side tracks. The neglect of defendant to comply with the statutes on this subject was evidence of negligence, sufficient to take the case to the jury, and, unless one or both of the contentions—(1) that the absence of the fence and cattle guards was not the proximate cause of the death of plaintiff's intestate, and (2) that plaintiff was guilty of contributory negligence—be resolved in defendant's favor, the verdict must be sustained.

It is insisted in this connection, with much earnestness, that cattle guards at the highway intersecting the lead track at the west end of the yards, had they been constructed, would not, in any other than an imaginary view, have prevented the boys from going upon the railroad tracks; that defendant's failure to construct them was not, therefore, the proximate cause of the accident, and we are urged to so hold as a matter of law. We are unable to distinguish, from the standpoint of effectiveness as a barrier to young children, between cattle guards and an ordinary right of way fence. Neither will absolutely obstruct or prevent entrance upon the railroad grounds. Their character and structure, so far as effectiveness is concerned, will not warrant the court in saying, as a matter of law, that either would or would not an-

swer the purpose intended by the statute. Children may pass over or under the cattle guards without difficulty, and with equal facility climb over or crawl under the fence, but either might have the effect of turning them away. The case in this particular is controlled by Rosse v. St. Paul & Duluth Ry. Co., 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 Am. St. 472. We also follow the case of Ellington v. Great Northern Ry. Co., 96 Minn. 176, 104 N. W. 827, to the effect that the question whether, had defendant performed its duty in this respect, the children of plaintiff would have been prevented from going upon the yard grounds, was a question of fact for the jury to determine. If the yards had been fenced with proper cattle guards at the highway intersection, they would have been completely inclosed, and it is unnecessary to consider whether the boys entered at the place where the cattle guards should have been constructed, or at some other place.

It is further contended that plaintiff, father of the boys, was guilty of contributory negligence in sending his children upon the railroad land for the purpose of herding cattle, knowing of the proximity of the railroad tracks and repair shops. The evidence on the question is substantially like that presented on the former appeal, and we follow the decision there made. The land upon which the shops are located consists of a tract of about one hundred twenty five acres, unfenced, to which the people in the vicinity had resorted for a number of years for various purposes—picnics, baseball, herding cattle, etc., and this without objection from the railroad company. Plaintiff's boys were herding cattle upon the land with his knowledge—perhaps he had sent them there for that purpose—not upon the shopyards, however, but upon the unoccupied land in the vicinity. It occurs to us that it would be going far beyond reason to say that plaintiff was guilty of contributory negligence, either in permitting or sending the boys, under the circumstances disclosed, to herd cattle upon this tract of land, even though he knew of the fact that the yards and shops were unfenced.

The case is clearly distinguishable from Ellington v. Great Northern Ry. Co., supra. In that case, it appeared that the parents sent their child across the tracks and right of way on an errand, and he was killed while complying with their directions. There is a marked difference between sending young children upon or across railroad tracks, upon which trains are frequently operated, and sending them to herd cattle

upon vacant and unoccupied land adjacent to such tracks. Nor does the ownership of the land adjoining the yards affect the question in the case before us, for the fact remains that defendant did not send his boys upon the yards, and the record contains no suggestion that he knew that they were in the habit of frequenting the same, if such were the fact.

Again, there is no evidence in the case to sustain the contention that at the time the boys were killed they were engaged in the work of herding cattle at or near the shopyards. They started from home at the noon hour with their herd, down the highway to the river, a considerable distance from the yard tracks, and were not thereafter seen with the cattle by any one. At about five o'clock in the afternoon they were found dead, alongside one of the tracks, by a railroad employee, and at that time no cattle were about or in the vicinity. In connection with this situation, counsel for defendant requested the court to instruct the jury, and it did so, that "there being no evidence as to where any of the cattle were at the time the boys went on defendant's premises," the jury could not find that "they went there to herd or look after the cattle." If the evidence so conclusively established that fact, the instructions of the court, given at defendant's request, wholly eliminated the question of plaintiff's contributory negligence in sending the boys upon the railroad land. They were not upon the yards herding cattle, nor in the discharge of any duty owing to, nor in compliance with any directions of, plaintiff at the time of their death, as was the fact in the Ellington case.

Neither is the evidence conclusive that plaintiff had surrendered his guardianship and control of the younger boy by permitting or sending him with his older brother on this occasion, and is consequently precluded from recovery because of the negligence of the latter in taking him upon the railroad grounds. This question was disposed of on the former appeal, and we adhere to the decision there made.

Upon all these questions, the evidence fairly made a case for the jury, and their verdict is sustained; at least, the evidence is not so far conclusive in favor of any of defendant's contentions as to justify this court in granting final judgment on the merits of the case in its favor.

For these reasons, the order denying the motion for judgment is affirmed.