(No. 13966.—Reversed and remanded.)
JOHN LIVAK, Plaintiff in Error, *vs.* THE CHICAGO AND
ERIE RAILROAD COMPANY *et al.* Defendants in Error.

*Opinion filed October 22, 1921.*

1. NEGLIGENCE—*a railroad company leasing tracks of another
road is not liable for lessor's failure to fence as provided by ordi-
nance.*  A railroad company operating its trains as lessee over the
track of another company is not liable for an injury to a child who
was run over by its train, where the only negligence charged in
the declaration was the failure to enclose with walls or fences the
track upon which it operated the train, as required by municipal
ordinance, and where there is no showing in the record that the
lessee company was in any way bound by the notice to fence that
was claimed to have been given the lessor company, which ex-
pressly retained the exclusive right to manage, control and main-
tain the property.  (*Curran* v. *Chicago and Western Indiana Rail-
road Co.* 289 Ill. 111, followed.)

2. SAME—*when railroad company's failure to fence tracks is not
proximate cause of injury to child.*  In an action against three rail-
road companies for an injury to a child who was struck by the train
of one of the defendants while upon the track of another, the fail-
ure of the third defendant company to fence its tracks, which ran
parallel with the tracks upon which the child was injured, cannot
be regarded as the proximate cause of the injury.  (*Curran* v. *Chi-
cago and Western Indiana Railroad Co.* 289 Ill. 111, adhered to.)

3. SAME—*judgment cannot be reversed as to one or more de-
fendants and affirmed as to another.*  A judgment against several
defendants cannot be reversed as to one or more defendants and
affirmed as to another, as the judgment is a unit and must stand
against all the defendants or fail as to all.

4. SAME—*when it is a question of fact whether railroad com-
pany's failure to fence tracks was the proximate cause of the in-
jury.*  Where a municipal ordinance requires a railroad company to
enclose its tracks by walls or fences, in an action of damages for
an injury to a child who was struck by the train of a lessee com-
pany while upon the tracks of the lessor, it is a question for the
jury whether or not the child would have gone upon the tracks
if a fence had been built and whether or not the failure to build
a fence or wall was the proximate cause of the injury.  (*Heiting*
v. *Chicago, Rock Island and Pacific Railway Co.* 252 Ill. 466, and
*Carlin* v. *Chicago and Western Indiana Railroad Co.* 297 id. 184,
followed; *Curran* v. *Chicago and Western Indiana Railroad Co.*
289 id. 111, distinguished.)

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

FINN & MILLER, and ELMER M. LEESMAN, for plaintiff in error.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, (MITCHELL D. FOLLANSBEE, and CLYDE E. SHOREY, of counsel,) for defendant in error the Chicago and Erie Railroad Company.

C. G. AUSTIN, JR., J. RAYMOND BARSE, and SAMUEL KASSEL, for defendant in error the Chicago and Western Indiana Railroad Company.

GLENNON, CARY, WALKER & MURRAY, for defendant in error the New York, Chicago and St. Louis Railroad Company.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

John Livak, plaintiff in error, a minor of the age of five years, by Leo N. Rivkin, his guardian, recovered a judgment in the superior court of Cook county in the sum of $18,000 against the Chicago and Erie Railroad Company, the Chicago and Western Indiana Railroad Company and the New York, Chicago and St. Louis Railroad Company, defendants in error. On appeal to the Appellate Court for the First District that court reversed the judgment of the trial court without remanding the cause, expressly denying any intention to make a finding of fact different from that found by the trial court. Petition for *certiorari* was allowed by this court to review the record on error.

The declaration contained six counts, averring that defendants in error, as owners, lessors and lessees, were in

possession and control and operated certain steam railroad systems in the city of Chicago, the rights of way of which contain six parallel tracks running at grade in a southeasterly and northwesterly direction across One Hundred and Seventh and One Hundred and Eighth streets and near Bensley avenue, in said city. All the counts set forth a certain ordinance of the city of Chicago enacted March 26, 1890, providing, in'substance, that every person or corporation owning, leasing or operating a steam railroad in the corporate limits of the city shall, in such time as may be prescribed by the mayor and commissioner of public works, construct or cause to be constructed on each side of its tracks, and in such place as the mayor and commissioner aforesaid shall approve or direct, except at public street crossings, substantial walls or fences of such material, designs, proportions and height as shall be determined and approved by such mayor and commissioner. The counts further allege that said ordinance was re-enacted in 1905 as section 1994 and in 1911 as section 2198 of the revised municipal code of said city, and the revised ordinances are set forth in the declaration. The fifth and sixth counts of the declaration set up the provisions of section 2183 of the municipal code of Chicago for the year 1911, and section 2199 thereof. All the counts charge that the defendants in error constructed fences along their rights of way at and near the place of the accident in pursuance of the direction of the mayor and commissioner of public works, but that they thereafter negligently failed to maintain the fences and allowed them to become broken down and out of repair, and as a direct consequence thereof plaintiff in error, while passing over the tracks of defendants in error at one of the broken places in the fences near One Hundred and Eighth street, was struck and injured by a certain engine and train of cars operated by defendants in error. Counts 5 and 6 also charge that defendants in error for a long time prior to the injury of plaintiff in error, May 15,

1914, operated their trains greatly in excess of the six and ten miles per hour limit named in section 2183 and had operated their railroads and enjoyed the benefits of higher speed conferred by sections 2198 and 2199. The ordinances thus pleaded in the declaration are the same ordinances that were pleaded in the declaration in the case of *Carlin* v. *Chicago and Western Indiana Railroad Co.* 297 Ill. 184.

The facts as they appear in the record are, that the Chicago and Western Indiana Railroad Company owns the four easterly tracks crossing One Hundred and Seventh and One Hundred and Eighth streets and that they are situated on the westerly side of its right of way, which is sixty-six feet wide at those crossings. The New York, Chicago and St. Louis Railroad Company owns the two westerly tracks situated on the easterly side of its right of way, which joins that of the Chicago and Western Indiana and is also sixty-six feet wide. All of the tracks are parallel at said street crossings. The Chicago and Erie Railroad Company operated trains upon and along the tracks of the Chicago and Western Indiana Railroad Company as lessee, and it was a train owned and so operated by this company that injured the plaintiff in error, who lived on Bensley avenue between One Hundred and Seventh and One Hundred and Eighth streets, about a block and one-half east of the railroad tracks. Bensley avenue runs north and south and One Hundred and Seventh and One Hundred and Eighth streets east and west. On the morning of May 15, 1914, plaintiff in error, accompanied by another small boy, left his home and crossed the six railroad tracks for the purpose of picking wild flowers, which grew on the west side of the tracks. They picked the flowers and started back across the tracks going home. They had crossed all of the tracks except the east track of the Chicago and Western Indiana, and as they approached it plaintiff in error tripped and fell upon the track and caught his foot in a hole between the ties. While attempting to

loosen his foot a train operated by the Chicago and Erie Railroad Company ran over his leg, inflicting such injuries as made it necessary to amputate his leg between the ankle and knee.    He was injured between One Hundred and Seventh and One Hundred and Eighth streets and was found shortly thereafter by a policeman about one hundred feet from the track, crawling towards home.    Immediately west of where plaintiff in error was found there were parts of an old barbed wire fence on the east side of the right of way of the Chicago and Western Indiana Railroad Company about fifteen feet east of the east track, which fence was broken at several places.

It is contended by defendants in error that plaintiff in error and his companion gave a different version of their intentions and transactions to other parties shortly after the accident than was given by them on the trial, but as the Appellate Court reversed the judgment for errors of law, only, plaintiff in error is entitled to have the facts shown by his evidence considered as here stated for the purpose of this review of the record, as the jury evidently made the same finding.

The evidence tended to show that the New York, Chicago and St. Louis Railroad Company had been notified to build a fence on its right of way in conformity with the ordinance of March 26, 1890, and that that company had enclosed specifications to the city authorities of the fence it proposed to build, in its letter of September 4, 1890, to W. H. Purdy, commissioner of public works, stating that it would arrange for its superintendent, Gorham, to arrange a meeting with the engineer of the city and go over the ground and decide as to the kind of fence that was to be put up, and to see the locations where it was impossible to put up any fence on account of adjacent waterways.    The evidence also tends to show that this railroad company received permits from the city to operate its trains with reference to speed on condition that it complied with its duty

to fence its road; that in 1891 there was built on its right of way west of the tracks a fence from One Hundred and Sixth street to One Hundred and Tenth street, except across One Hundred and Eighth street, which was then open for travel, and that this street was closed to travel in about 1912; that it had operated its trains after 1891 greatly in excess of the six and ten-mile limit allowed for freight and passenger trains in the absence of such fence or wall, and that its speed for passenger trains at the point in question exceeded thirty miles an hour. This latter railroad company makes no claim that it had not been notified by the city authorities to erect such fences or that it had erected them after being notified to do so.

To prove notice to the Chicago and Western Indiana Railroad Company to comply with the requirements of the ordinance in regard to building fences, plaintiff in error offered in evidence the same letters and documents that were offered for that purpose against it in the *Carlin case, supra,* to-wit, the letter of March 27, 1890, to "sundry railroads," signed by the commissioner of public works; the letter of April 18, 1890, addressed to the vice-president of this defendant and signed by the commissioner; the document designated as No. 1233, headed, "City of Chicago, Department of Public Works, April 2, 1890," etc.; a copy of the letter dated September 3, 1890, addressed to several railroads, including this defendant; also a copy of the letter dated January 18, 1891, directed to "Benjamin Thomas, V. P. & Genl. Mgr. C. & W. I. R. R. Co.,"—all of which were referred to in the *Carlin case* and there held to be sufficient notice to the defendant. Plaintiff in error also introduced oral testimony tending to show that in 1891 there was a fence built on the right of way of this defendant on the east side of its tracks from One Hundred and Sixth to One Hundred and Tenth street, except across One Hundred and Eighth street, and that that street was closed to travel in about 1912, as aforesaid, and that since the build-

ing of that fence this defendant has been operating its trains, or its lessees have on its tracks, at the excessive rate of speed permitted under the ordinances where the required fences are built. It is argued by this defendant that the evidence does not specifically show that trains have since 1891 been operating on its road at rates of speed above the six and ten-mile limit. While it is not as specific as it should have been, it does appear that the witnesses had reference to its trains and tracks, and also to the trains of the New York, Chicago and St. Louis Railroad Company, when they testified to such high rates of speed.

There is no showing whatever in the record that the Chicago and Erie Railroad Company was ever notified to construct fences to enclose the right of way on which it was operating its trains, which was the right of way of the Chicago and Western Indiana Railroad Company. The evidence simply shows that the Chicago and Erie Railroad Company and a number of other railroads were operating trains on the tracks of the Chicago and Western Indiana Railroad Company as its lessees for a number of years before the accident in question, and that their lessor by the terms of the leases expressly retained the exclusive right to manage, operate and maintain every portion of the common property over which it and its lessees were to operate their trains, and that the entire cost of the management, operation, maintenance, repair and renewal thereof, and other costs, should be borne by the lessees in proportion to their several wheelage use of the various portions of said railroad to the total wheelage use thereof. There is no kind of showing in this record that this defendant was in any way bound by the notice to fence that was claimed to have been given its lessor. Therefore, under our holding in the case of *Curran* v. *Chicago and Western Indiana Railroad Co.* 289 Ill. 111, there is no liability against the Chicago and Erie Railroad Company, as the only negligence charged in the declaration against it was its failure to en-

close the tracks on which it operated, with walls or fences, as provided by said ordinances.

The New York, Chicago and St. Louis Railroad Company (otherwise referred to in this record as the Nickel Plate Company) makes its defense against plaintiff in error solely on the ground that its negligence to build and maintain fences or walls, as charged in the declaration, was not the proximate cause of the injury in question. The writer of this opinion is very much impressed by the argument of plaintiff in error and the authorities cited in support thereof, that the negligence of this defendant in error is a proximate cause of the injury to plaintiff in error. He started from home with a companion on his journey to pick flowers west of the right of way of this defendant. According to the evidence he had crossed the right of way of this defendant, had picked flowers west of its right of way and was on his way back home, and had re-crossed all the six tracks except the east one before he was injured. There was not only no sufficient fence on the east side of each right of way of these two railroads, but there was none on the west side of each right of way to prevent or induce him not to go on the railroad tracks. The theory of the plaintiff's recovery is, that if there had been a fence on both sides of the railroads a child of the age of plaintiff in error would in all probability not have crossed the rights of way, and if there had been a fence on the west side of the six tracks it would likewise in all probability have prevented him from crossing the entire rights of way to the place where he intended to go. But under the holding in the case of *Curran* v. *Chicago and Western Indiana Railroad Co. supra,* the alleged negligence of this defendant in error is not the proximate cause of the injury to plaintiff in error on the tracks of the other defendant in error. It is distinctly held in the *Curran case* that the failure of the railroad company to fence its tracks according to the terms of the ordinances in question cannot be held to be the proxi-

mate cause of an injury to a person by a train on a parallel track belonging to another company which had failed to fence its tracks, though such person, in order to reach the place where he was injured, had to first cross the tracks of the first company. We are bound by that holding.

It is argued by plaintiff in error that if this court holds, as it now holds, that there is no liability against the Chicago and Erie Railroad Company and the Nickel Plate Company, we are authorized, under section 111 of chapter 110, (Hurd's Stat. 1917, p. 2252,) and under section 3 of chapter 76, (Hurd's Stat. 1917, p. 1800,) to affirm the judgment as to the other defendant in error if we find it to be liable and to reverse the judgment as to the first named defendants in error. The latter section referred to simply provides that all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants. The other section provides that either the Supreme Court or the Appellate Court, in case of a partial reversal, shall give such judgment or decree as the inferior court ought to have given, etc. Many other courts of this country have held under statutes somewhat similar to the statutes referred to, that such a procedure as is contended for by plaintiff in error is proper and more in harmony with justice and economy in the disposition of lawsuits, and particularly in that class of cases where the evidence shows a complete right of recovery against one defendant and no right of recovery whatever against the other defendants, and such practice is employed very often in tort actions and sometimes in actions *ex contractu.* This court has held for about seventy years, beginning with *McDonald* v. *Wilkie,* 13 Ill. 22, that a judgment against several defendants, whether rendered in an action for tort or on a contract, is a unit and cannot be reversed as to one or more defendants and affirmed as to the others. (*Seymour* v. *Richardson Fueling Co.* 205 Ill. 77; *Nordhaus* v. *Vandalia Railroad Co.* 242 id. 166.) Numerous other decisions of

this court are to the same effect, but while there is much
good reason, as well as economy, in adopting the new pro-
cedure followed by many of the courts of this country, the
majority of the members of this court adhere to the com-
mon law rule that a judgment is a unit and must stand
against all the defendants or fail as to all, as the rule has
so long been in vogue in this jurisdiction.

The defendant in error the Chicago and Western In-
diana Railroad Company argues that if it be conceded that
it is guilty of the negligence charged in the declaration
such negligence is not a proximate cause of the injury to
plaintiff in error. This same question has been twice be-
fore this court and on full consideration thereof was de-
cided in each instance against its contention. (*Heiting* v.
*Chicago, Rock Island and Pacific Railway Co.* 252 Ill. 466;
*Carlin* v. *Chicago and Western Indiana Railroad Co. supra.*)
In the latter case this court also held against this defend-
ant's contention that plaintiff in error was a trespasser or
licensee and that it owed him no duty except to refrain
from wantonly and willfully injuring him. It was held in
the former case that one of the objects of the ordinances
in question in requiring a wall or fence built was to pro-
tect persons against the danger of going on or crossing the
tracks of steam railroads operated within the city limits.
Plaintiff in error was only five years of age, and there can
be no question that had the tracks in question been pro-
tected by walls or high fences of the character provided
for in the ordinances, he in all probability would not have
undertaken to go on or across the tracks. It was at least
a question for the jury as to whether or not plaintiff in
error would have been likely to go upon the tracks if such
fence had been built, and consequently a question of fact
as to whether or not such failure to build fences or walls
was the proximate cause of his injury. To hold that the
boy was a trespasser and not entitled to recover would be,
in effect, to defeat the very object of the ordinance, as we

have previously held, and we are not disposed to overrule the decisions in either of the foregoing cases.

The principal contentions of the Chicago and Western Indiana Railroad Company are, that the proof fails to show that it was notified to protect its tracks by building walls or fences, or that it built any fence on its right of way as a compliance with such ordinances. It is therefore argued that it was not guilty of the negligence charged in the declaration and that the court erred in admitting the several ordinances aforesaid against it, and that the Appellate Court properly reversed the judgment without remanding the cause as to it. It made practically the same contentions in the *Carlin case, supra,* to which reference has already been made, and in which case, under practically the same evidence, this court held against it. The lower court sustained objections to some of plaintiff in error's exhibits offered for the purpose of proving notice to this defendant to build walls or fences in compliance with the ordinances. We do not care to discuss further the merits of the case against this defendant as the judgment will have to be reversed for reasons already given and the cause remanded for a new trial against it. It may be true, as now contended by this defendant, that there was not sufficient preliminary proof to admit some of the copy-letters purported to have been mailed to it, but we think that there is a very strong probability that plaintiff in error may be able to make such proof on another hearing and that the Appellate Court erred in not remanding the cause for that purpose. The express holding of the Appellate Court was that, as a matter of law, plaintiff in error had shown no right of recovery, and based such holding entirely on the rulings of this court in the *Curran case, supra.* The proofs in this case are not at all like the proofs in the case just cited, and it was error in the Appellate Court, after making the same holding as to facts as did the trial court, to hold, as

a matter of law, that there could be no recovery against this defendant.

The judgments of the Appellate and superior courts are therefore reversed, and the cause is remanded for further proceedings to the superior court.

*Reversed and remanded.*

---

(No. 14031.—Reversed and remanded.)
E. L. BEAL *et al.* Appellees, *vs.* EDNA SUSAN HIGGINS.— (PAUL J. GRAHAM, Appellant.)

*Opinion filed October 22, 1921.*