(No. 16700.—Judgment affirmed.)

JOSEPH MASKALIUNAS, Appellee, *vs.* THE CHICAGO AND WESTERN INDIANA RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1925—Rehearing denied October 9, 1925.*

1. NEGLIGENCE—*when a railroad company must comply with fencing ordinance.* An ordinance of the city of Chicago requiring railroad companies operating trains at a certain speed to construct on each side of their tracks substantial walls or fences must be complied with by a company whose right of way was annexed to the city after the passing of the ordinance, and it is the duty of the city authorities to enforce the ordinance. (*Curran* v. *Chicago and Western Indiana Railroad Co.* 289 Ill. 111, and *Carlin* v. *Same,* 297 id. 184, followed.)

2. SAME—*climbing on train is not a misdemeanor in child under ten years of age.* The statute making it a misdemeanor to climb upon a railroad car without permission does not apply to a child under the age of ten years, as said statute, although general in its terms, must be construed in connection with the statute declaring such child incapable of a crime.

3. SAME—*a negligent act need not be foreseen to be proximate cause.* To make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen, but if the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result.

4. SAME—*what intervening cause will operate to relieve original negligence.* The intervening cause which will serve to relieve the original negligence of its actionable quality must be a responsible, efficient cause.

5. SAME—*when question whether failure to fence tracks was proximate cause of injury is for the jury.* The question whether

the absence of a fence enclosing the right of way of a railroad company, as required by an ordinance of the city of Chicago, was the proximate cause of an injury to a child is properly submitted to the jury, as is also the question whether the attempt of the child to climb onto a moving train was an efficient intervening cause.

6. SAME—*whether child between ages of seven and fourteen is guilty of contributory negligence is for the jury.* A child under seven years of age is conclusively presumed incapable of contributory negligence, and a child above the age of fourteen is subject to the same rules as are applied to adults, the intelligence and experience of the child being considered, but between the ages of seven and fourteen the culpability of the child is a question of fact for the jury, taking into consideration the age, capacity, intelligence and experience of the child, and whether such child was guilty of contributory negligence in climbing on a moving train is properly submitted to the jury to be determined under the circumstances of the case.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

EDWARD W. RAWLINS, (H. T. DICK, of counsel,) for appellant.

FINN & MILLER, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Appellate Court for the First District having granted a certificate of importance, this appeal is prosecuted to review its judgment affirming the judgment of the superior court of Cook county in favor of Joseph Maskaliunas for damages resulting from an injury received on the right of way of the Chicago and Western Indiana Railroad Company.

The evidence in this record establishes the following facts: The injury occurred about 4:30 P. M. September

29, 1921, near 104th street, in the city of Chicago. Appellee was then seven years and ten months old. When appellant constructed this line of railroad, some time prior to 1890, the territory in the vicinity of the place of the accident was open country, and it erected on each side of its right of way a barbed wire fence about four feet high. March 26, 1890, an ordinance was passed by the city council of the city of Chicago requiring every company operating a steam railroad within the city over tracks laid at grade, to construct on each side of its tracks, except where public streets crossed the same, substantial walls or fences. April 2, 1890, the mayor and commissioner of public works of the city of Chicago prepared general specifications relating to such walls and fences, which have been published and are now on file among the documents filed in the office of the commissioner of public works of the city of Chicago. Shortly after this ordinance went into effect the territory in question was annexed to the city. One Hundred and Third street is a paved east and west thoroughfare, crossing the right of way of appellant at right angles about a block north of the point where the accident occurred. One Hundred and Fourth street does not cross the right of way. West of the right of way and north of 103d street is Fernwood Subdivision Park, and south of 103d street is a coal yard. East of the right of way between 103d street and 104th street is a public park one-half block wide, at the south end of which is a large brick building containing a public swimming pool. Directly south of this, on the other side of 104th street, is a pumping station and pipe yard. Extending south from the southwest corner of the natatorium across 104th street is a high iron fence along the east line of the right of way, and on the same side, but extending north of the natatorium, is a row of wooden posts on which wire was formerly strung. This wire fence was in good repair when the territory was annexed to the city of Chicago and it was repaired from time to time for a num-

ber of years thereafter. No fence has been maintained along here for six or eight years last past. Just inside the park, back of the posts, is a row of thick shrubbery. At the point of the accident there are three tracks on the right of way. The accident occurred on the west track. Passenger trains operate over these tracks as fast as thirty-five miles an hour. A street car line crosses the tracks at 103d street, and here a flagman and gates are maintained for the protection of the public. There are sidewalks along the north, east and south sides of the park in which the natatorium is located. There is also a sidewalk across the park at the rear of the natatorium. On the right of way a short distance north of the west end of this sidewalk is a rubbish pile. Both 103d street and 104th street are closely built up for several blocks east and west of the right of way, but there is open farming country both north and south of this residence section. On the day of the accident appellee swam in the pool during the early part of the afternoon and then went to Fernwood Subdivision Park, where he watched some boys play baseball until about four o'clock, when he went to 103d street, crossed the railroad tracks and turned south down the right of way toward the natatorium. When he reached the rubbish pile he stopped there and searched for rubber bands for a while. He then crossed the right of way line into the park, picked up some newspapers lying in the shrubbery and looked at the comic strips. As he finished looking at the pictures a long freight train passed slowly on the west track. He crossed the two intervening tracks and in an attempt to climb up the side of the train he fell under it. His right foot and ankle were so crushed that it was necessary to amputate his leg about five inches below the knee. At the time of the accident two or three other boys were attempting to climb onto the moving train, the trainmen ordering them to keep off. On this day other people were walking along the tracks on the right of way, as they did on most other days.

318—10

The negligence charged in the declaration is the failure of appellant to comply with the fencing ordinance. This ordinance is set out *verbatim* in *Curran* v. *Chicago and Western Indiana Railroad Co.* 289 Ill. 111, and in substance in *Carlin* v. *Same,* 297 id. 184. Under this ordinance the obligation of the company to fence its tracks is absolute, and it is the duty of the city authorities to enforce the ordinance. At the point of the accident there was a substantial fence along the right of way when the territory was annexed to the city and brought under the ordinance. There being a fence there, it was unnecessary for the city authorities to prescribe the time within which a fence should be built or to determine the material, design or height of the fence to be constructed. Under the ordinance the mayor and the commissioner of public works had the right to give specific directions regarding the erection of the fences required, but they were not required to act in the first instance, or at all, if they were satisfied with the fence built by the railroad company. It is evident that if the city authorities had made any effort to enforce this ordinance, or the railroad company had made any pretense of complying with it, there would have been a substantial fence along the side of this park where children were invited to congregate in great numbers every day. The ordinance provides that passenger and freight trains shall not be operated at a speed in excess of ten and six miles an hour, respectively, over tracks at grade in the city of Chicago, until the company has fenced its right of way in compliance with the ordinance. After proper fences have been built and proper protection provided at the street crossings the company is authorized to operate its passenger and freight trains at a maximum speed of thirty and twelve miles an hour, respectively. After this territory was annexed to the city and while the fence was maintained along the right of way appellant regularly operated its trains at the speed permitted by the ordinance after a compliance with it. Under the

holding of this court in *Carlin* v. *Chicago and Western Indiana Railroad Co. supra,* and *Livak* v. *Chicago and Erie Railroad Co.* 299 Ill. 218, appellant was clearly bound by the provisions of the fencing ordinance and its contention to the contrary is without merit.

One of the principal contentions of appellant is that there is no evidence in the record tending to show that the absence of a fence along the right of way at the place in question contributed to or proximately caused the injury to appellee but that the evidence shows that the proximate cause of the injury was appellee's own act in climbing onto the moving train. Appellee being under ten years of age, the statute making it a misdemeanor to climb upon a railroad car without permission has no application to him. Notwithstanding this statute is general in its terms, it must be construed in connection with the statute declaring a child under the age of ten years *doli incapax.* (*McDonald* v. *City of Spring Valley,* 285 Ill. 52.) The fact that this statute is not applicable to appellee does not, however, dispose of the contention of appellant, because appellee was a trespasser when he attached himself to the side of the moving train. On the other hand, appellant is not in a very good position to complain of the trespass of appellee for the reason that it permitted its right of way at this point to be used promiscuously by the children going to and from the swimming pool and by other persons passing between 103d street and 104th street. If there had been a fence separating the right of way and the public park east thereof, it would have been inconvenient, to say the least, for children to use the right of way as a thoroughfare in order to reach the natatorium. There was a sidewalk leading from the point where appellee left the right of way at the 103d street crossing around the park to the swimming pool, and if a substantial fence had separated the right of way from the park, as the ordinance required, it is unreasonable to assume that this child would have gone down the right

of way and climbed over the fence rather than use the sidewalk. Certainly, it cannot be ruled, as a matter of law, that the absence of a fence did not contribute to the accident, and the question was therefore one proper to be submitted to the jury. (*Hayes* v. *Michigan Central Railroad Co.* 111 U. S. 228, 4 Sup. Ct. 369; *Ulicke* v. *Chicago and Northwestern Railway Co.* 152 Wis. 236, 139 N. W. 189; *Mattes* v. *Great Northern Railway Co.* 100 Minn. 34, 110 N. W. 98.) To leave the right of way unfenced along this public playground under the circumstances in evidence was a constant invitation to the crowds of children frequenting the playground and using its facilities for recreation and amusement to use the right of way as a public thoroughfare, at the risk of being run down by constantly passing trains. A fence upon the line between them might have served at least as notice and signal of danger if not as an obstacle and prevention. To young children, for whose health and recreation the park is intended, and who are in many cases as irresponsible as dumb animals, a fence is an impediment against straying which might prove of value and importance. In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from his negligence. (*Illinois Central Railroad Co.* v. *Siler,* 229 Ill. 390.) That the intervening cause which will serve to relieve the original negligence of its actionable quality must be a responsible cause is well established. (*Iamurri* v. *Saginaw City Gas Co.* 148 Mich. 27, 111 N. W. 884; *Fishburn* v. *Burlington and Northwestern Railway Co.* 127 Iowa, 483, 103 N. W. 481.) The court properly submitted to the jury the question whether the absence of a

fence, in violation of the ordinance, was the proximate cause of the injury, (*Heiting* v. *Chicago, Rock Island and Pacific Railway Co.* 252 Ill. 466,) and the question whether the attempt of the child to climb onto the moving train was an efficient intervening cause. *Lerette* v. *Director General,* 306 Ill. 348.

Appellant's third point is, that there is no evidence in the record tending to show that appellee was in the exercise of ordinary care for his own safety at and immediately prior to the time of the happening of the accident in question, and that his injury is due wholly to his own negligence. This court has definitely decided that a child under the age of seven years is incapable of such conduct as will constitute contributory negligence; (*McDonald* v. *City of Spring Valley, supra; Richardson* v. *Nelson,* 221 Ill. 254; *Chicago, St. Louis and Pittsburg Railroad Co.* v. *Welsh,* 118 id. 572;) and the same rule is followed by other courts. (*McEldon* v. *Drew,* 138 Iowa, 390, 116 N. W. 147.) We have also held that when a child has attained the age of fourteen years there is no reason to excuse him from the same degree of care for his own safety which is required of an adult. (*Austin* v. *Public Service Co.* 299 Ill. 112; *Walldren Express Co.* v. *Krug,* 291 id. 472; *Chicago and Alton Railroad Co.* v. *Becker,* 76 id. 25.) These rules established by the courts are derived from the common law rule which applies in criminal cases. Since, in reason, responsibility for one's acts depends upon the understanding rather than the age, there can be no fixed rule of age which will operate justly in every case, but, as is said by Bishop concerning the rule as applied to criminal conduct, "An imperfect rule is practically better than none." Therefore, while there has been some slight deviation in a few cases in the application of the rule by this court, it is fairly well established by this court and courts of other jurisdictions that a child under seven years of age is conclusively presumed incapable of contributory negligence, and that in the

case of a child above the age of fourteen years the same rule shall be applied to him in that regard as is applied to adults, his intelligence and experience being considered. The law is clearly established by great weight of authority, that between the ages of seven and fourteen the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. (*Chicago and Alton Railroad Co.* v. *Becker, supra; Lake Erie and Western Railroad Co.* v. *Klinkrath,* 227 Ill. 439; *City of Pekin* v. *McMahon,* 154 id. 141; *Rockford, Rock Island and St. Louis Railroad Co.* v. *Delaney,* 82 id. 198; *McEldon* v. *Drew, supra; Lake Erie and Western Railroad Co.* v. *Mackey,* 53 Ohio St. 370, 41 N. E. 980; *City of Shawnee* v. *Cheek,* 40 Okla. 227, 137 Pac. 724; *Hepfel* v. *St. Paul, Minneapolis and Manitoba Railway Co.* 49 Minn. 263, 51 N. W. 1049.) The question whether appellee was, under the circumstances, in the exercise of ordinary care for his own safety at and immediately prior to the time of the happening of the accident in question was properly submitted to the jury. *Union Pacific Railway Co.* v. *McDonald,* 152 U. S. 262, 14 Sup. Ct. 619; *Rasmussen* v. *Whipple,* 211 Mass. 546, 98 N. E. 592; *Lorence* v. *City of Ellensburgh,* 13 Wash. 341, 43 Pac. 20.

What we have said in consideration of other questions disposes of the contention of appellant that the court erred in refusing to give to the jury an instruction which barred appellee's right to recover if the jury found that he went upon the right of way "of his own initiative and accord and not because of the fact that there was no fence along the right of way."

Finding no error in the record we affirm the judgment of the Appellate Court.                *Judgment affirmed.*