## REILLY v. CHICAGO & N. W. RY. CO. et al.

No. 10601.

United States Court of Appeals, Seventh Circuit.

Jan. 27, 1953.

Rehearing Denied Feb. 24, 1953.

William C. Wines and Edward J. Bradley and Edward S. Coath, Chicago, Ill., for appellant.

Lowell Hastings, Drennan J. Slater, Gerald M. Chapman, Erich W. Lademann,

John W. Costello, Edward Wolfe, all of Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a judgment entered for the two defendant railroad companies notwithstanding the verdict of the jury finding both defendants guilty of negligence and awarding damages for the plaintiff in the amount of $200,000.00.

The accident, out of which this action for personal injuries arose, occurred October 11, 1945, when the plaintiff, James M. Reilly, Jr., a boy then five and one-half years old, with two older boys, climbed up on an unfenced embankment on the north side of an elevation of the right of way of the defendant Baltimore & Ohio Chicago Terminal Railroad Company. The boys, on arriving at the top of the embankment, walked across the four tracks of this defendant to the adjoining right of way and tracks of the defendant Chicago and North Western Railway Co., walked across three or four tracks of this second defendant, hopped on a moving train belonging to and being operated by the second defendant, and, then, as he jumped off the train, the plaintiff fell under the train wheels and received injuries which resulted in the loss of both of his legs, one above, and one below, the knee.

The sole negligence charged against the defendants was that they "carelessly and negligently failed to continuously enclose with walls and fences their said rights of way as provided by the Ordinances of the City of Chicago."

Two ordinances are involved. One, enacted in 1907, required each of these defendants to elevate its roadbed and tracks within certain limits of the city, including the locale of this accident. Section 2 of this ordinance specified the materials to be used by the railroad companies in building these embankments and provided that, if necessary, retaining walls should be constructed to keep the embankments within the lines of the rights of way of the railroads; and that, if retaining walls were

used, they should be surmounted with suitable fences or railings if the walls themselves were insufficient to prevent trespassing. This section of the ordinance also provided that where, as here, "said retaining walls are not used at all the right of way of said companies shall be fenced in or otherwise properly inclosed in compliance with the present ordinances of the City of Chicago relating to the fencing of railroad tracks."

The "present fencing ordinance" here applicable is one contained in the 1905 Revised Municipal Code of the City of Chicago, Section 1994 of which provides:

> "Every * * * corporation owning, leasing or operating a steam railroad within the city, shall, within such time as may be prescribed by the city council, construct * * * on each side of its tracks, and in such place with reference thereto as the city council shall direct, * * * substantial walls or fences of such material, design, proportion and height as shall be determined and approved by the mayor and commissioner of public works * * *."

It is to be noted that this ordinance provides that the city council shall *prescribe* the *time* within which such fencing shall be built and shall *direct* the *place* where it is to be built and that the mayor and the commissioner of public works of the city shall *determine* the *material, design, proportion* and *height* of the fencing.

The defendants contend that until the designated city officials had so prescribed the time and the place of such fencing and had determined the material, design, proportion and height thereof, and had notified the defendants of such action, they (the defendants) were under no duty to fence. We think this contention of the defendants is correct, and the Supreme Court of Illinois so held in Curran v. Chicago & Western Indiana Railroad Co., 289 Ill. 111, 124 N.E. 330. There, as here, two railroad companies owned adjoining rights of way and each railroad operated on the several tracks of its right of way. There, also, a boy, after crossing the tracks of one railroad, was injured by a train owned by and moving on the track of the other railroad company. There the court said, 289 Ill. at page 115, 124 N.E. at page 332:

> "This case rests entirely upon the alleged negligence of the appellants in their failure to build and maintain fences in accordance with certain ordinances of the city of Chicago. Unless, therefore, the appellants were required to fence but neglected to do so, and such neglect to fence was the proximate cause of this injury to appellee, there can be no recovery."

In the Curran case evidence was introduced which the plaintiff contended showed the required action by the city council and notification of such action to the defendant railroad companies. The court held, however, that the evidence of such action and notification was insufficient as to the Chicago and Western Indiana, and said, 289 Ill. at page 118, 124 N.E. at page 333:

> "It appears from the evidence that there was never a fence on the west side of these tracks at the place where appellee went upon the right of way. The city council had permitted this track to remain unfenced for 25 years after the adoption of the ordinance of 1890. It would appear that the city council, not having required a fence to be erected at this point, regarded it as unnecessary."

The court said further, 289 Ill. at page 116, 124 N.E. at page 332:

> "Before there was an obligation to fence the tracks of appellants, it must have been shown by competent evidence that appellants were notified by the city some time during the life of the ordinances and before [the time of the accident], when and where the fences were to be constructed along their tracks."

The court, therefore, held that, 289 Ill. at page 118, 124 N.E. at page 333:

> "It follows, therefore, that it was error to admit in evidence these ordinances against the Chicago & Western Indiana Railroad, and it was error not to instruct the jury to find the Chicago & Western Indiana Railroad

not guilty under the first and second counts of the declaration [the counts charging negligence in the failure to comply with the fencing ordinances]."

The plaintiff emphasizes the fact that in the Curran case the judgment was reversed and the cause remanded as to the Chicago & Western Indiana Railroad Co. While this is true, the opinion of the court made it perfectly clear how the trial court should dispose of the case if the plaintiff failed to provide sufficient evidence to sustain a finding that the city officials had acted and that notice of such action had been given to the defendant railroad company. There the plaintiff did adduce evidence indicating that there had been notice to the one railroad company. In the instant case there was no attempt to show any action by the named city officials or notice to either of the railroad companies involved.

Other decisions cited by the appellant as showing that damages may be recovered for small children injured while trespassing on unfenced railroad rights of way are not in conflict with the holding in the Curran case that, to sustain such recovery, the city officials must act and must notify the railroad company of such action.

In Heiting v. Chicago, Rock Island & Pacific Railway Co., 252 Ill. 466, 96 N.E. 842, the right of way was once fenced but the fence had been torn down when the boys entered the right of way. The question as to action by the city officials and of notice thereof to the railroad was not mentioned in that opinion. Since the fence had been built, we may assume that it was built pursuant to required action by the city officials and proper notice thereof to the defendant railroad company. After the fence was built, pursuant to the fencing ordinance, the railroad company was, of course, required to maintain that fenced-in condition of its right of way. While this ordinance says that the railroad, when notified, shall fence its right of way, the ordinance requires not just the construction of the fence but also such maintenance as will ensure its being an obstacle to trespassing. It was, of course, a changed condition of the right of way which the ordinance prescribed, a change from an un-

fenced right of way, open to access by persons, to a fenced-in right of way, which would tend to exclude persons, including children.

In Carlin v. Chicago and Western Indiana Railroad Co., 297 Ill. 184, 130 N.E. 371, the complaint alleged notice by the city officials to the defendant railroad company to enclose its tracks; that the defendant built the fences as directed but negligently failed to maintain them and that the plaintiff entered the right of way and tracks of the defendant where the fence was broken down and was then injured. The court there held, 297 Ill. at page 191, 130 N.E. at page 374 that "plaintiff's evidence fairly tended to show that defendant had been notified by the proper city authorities to fence its tracks; that it had at one time fenced them at the place in question * * *." There again the duty violated was the duty to maintain the fence after it had been constructed pursuant to notice.

In Livak v. Chicago & Erie Railroad Co., 299 Ill. 218, 132 N.E. 524, it was held that the Chicago & Erie Railroad Co. was not liable to a small boy injured by a train which was being operated by the Chicago & Erie Railroad Co. on the unfenced right of way and tracks of another railroad company. There the Chicago & Erie had received no notice to fence. The cause was reversed and remanded as to all defendants but the court said, after showing that the Chicago & Erie Railroad Co. had received no notice, that, 299 Ill. at page 224, 132 N.E. at page 527:

"Therefore, under our holding in the case of Curran v. Chicago and Western Indiana Railroad Co., 289 Ill. 111, 124 N.E. 330, there is no liability against the Chicago & Erie Railroad Company, as the only negligence charged in the declaration against it was its failure to enclose the tracks on which it operated, with walls or fences, as provided by said ordinances."

In Maskaliunas v. Chicago & Western Indiana Railroad Co., 318 Ill. 142, 149 N.E. 23, the defendant, in the locale where the accident occurred, had built fences to enclose its right of way before that terri-

tory was annexed to the city. When this territory was annexed the fence was in good condition and was repaired from time to time thereafter for a number of years. After the defendant ceased to maintain this fenced-in condition, by not keeping the fence in repair, a boy entered the right of way and was injured. The railroad company was there held liable on the theory that, in 318 Ill. at page 146, 149 N.E. at page 25:

> "There being a fence there, it was unnecessary for the city authorities to prescribe the time within which a fence should be built, or to determine the material, design, or height of the fence to be constructed. Under the ordinance the mayor and the commissioner of public works had the right to give specific directions regarding the erection of the fences required, but they were not required to act *in the first instance*, or at all, if they were satisfied with the fence built by the railroad company." (Our emphasis.)

That decision in no way detracts from the holding in the Curran case that action by the city officials and notification of such action to the railroad company is a condition precedent to any obligation of the railroad company to construct the fence. After the fence is built the railroad company's agents and employees see the fence daily and know when it is no longer in such a state of repair as to serve the purpose of enclosing the right of way and of preventing trespassers from coming in dangerous proximity to the tracks. Thus the railroad is the first to have knowledge of its duty under the ordinance either to repair or rebuild the fence in order to maintain the fenced-in condition.

It seems perfectly clear from the decisions of the Illinois Supreme Court that under the facts of this case the applicable ordinance did not impose on these defendants the duty to fence their rights of way until after appropriate action had been taken by the city officials and notice of such action had been given to the defendants. Since the city officials failed to act, the failure of the railroad companies to fence did not constitute a breach of the fencing ordinance. The District Court, therefore, properly entered the judgment for the defendants, notwithstanding the verdict.

Since the defendants did not violate the terms of the fencing ordinance, it is unnecessary for us to consider the question of the effect of the enactment of the Illinois Public Utilities Act on the ordinance or the question of whether, under the facts in this case, the failure of either railroad company to fence could have been a proximate cause of the injury.

The judgment of the District Court is Affirmed.