JOHN ROSSE v. ST. PAUL & DULUTH RAILWAY COMPANY.[1]

May 12, 1897.

Nos. 10,147—(64).

**Railway—Injury to Child on Track—Failure to Fence.**

*Held* (overruling Fitzgerald v. St. Paul, 29 Minn. 336), that the statute requiring railway companies to fence their roads is not exclusively designed to prevent domestic animals from straying upon the track; that where a young child, who is non sui juris, strays upon the track, in consequence of the failure of a railroad company to erect a fence as required by the statute, and is injured by a train, the company is liable to it for the injury.

Appeal by plaintiff from an order of the district court for Hennepin county, Smith, J., sustaining a demurrer to the complaint. Reversed.

*Ludvig Arctander* and *Jno. W. Arctander*, for appellant.

Laws 1876, c. 24; G. S. 1878, c. 34, §§ 55-57, is a police regulation, designed for the protection of all, creating an absolute duty, and

[1] Reported in 71 N. W. 20.

should not be limited in its effect to protecting cattle. Corwin v. New York, 13 N. Y. 42; Blair v. Milwaukee, 20 Wis. 267; Gillam v. Sioux, 26 Minn. 268; Fleming v. St. Paul, 27 Minn. 111; Emmons v. Minneapolis, 35 Minn. 503; Finch v. Chicago, 46 Minn. 250. The English courts have, inferentially at least, conceded the right to recover for children who had received injuries on railroad tracks by reason of defects in fences. See Singleton v. Eastern, 97 Eng. Com. Law, 287, 7 C. B., (N. S.) 287, cited in Schmidt v. Milwaukee, 23 Wis. 186. See, also, Hayes v. Michigan, 111 U. S. 228, and Union v. McDonald, 152 U. S. 262.

*Hadley & Armstrong,* for respondent.

The statute on which plaintiff bases his cause of action, G. S. 1894, §§ 2692-2695, is a re-enactment of Laws 1872, c. 25, the first three sections of which applied to all railroad companies whose charters were silent as regards fencing, while the fourth section imposed a rule of lability on those companies which, by special provisions of their charters, were required to fence their tracks. Devine v. St. Paul, 22 Minn. 8. This court in a late case has held that it was not the intention to impose a liability as to a trespasser, and that as to him a failure to comply with its provisions could not be used as the foundation of an action in his behalf. Akers v. Chicago, 58 Minn. 540. The provisions of the statute only applied to those on the highways. Voak v. Northern, 75 N. Y. 321; Randall v. Baltimore, 109 U. S. 478. See also, Harty v. Central, 42 N. Y. 470; and Hynes v. San Francisco, 65 Cal. 316; Nolan v. New York, 53 Conn. 461.

MITCHELL, J. This action was brought to recover damages for personal injuries to the plaintiff, a child alleged to be non sui juris, who had strayed upon the track of defendant's road, and was there injured by a passing train. The only negligence charged against the defendant was its failure to fence its road, as required by statute, at the place where the plaintiff strayed upon the track, and where he was injured, it being alleged that if the railway had been fenced at that point plaintiff would have been prevented from going upon it. A demurrer to the complaint was sustained upon the authority of Fitzgerald v. St. Paul, 29 Minn. 336, 13 N. W. 168, in which it was held that the statute requiring railroad companies to fence their roads

was inapplicable to the case of infants, although non sui juris; that it was only designed to prevent animals from coming upon the track, with the consequent danger to the animals themselves and the passengers and employes upon railroad trains.

The writer, who is the only member of this court who was on the bench when the Fitzgerald case was decided, assumes his full share of responsibility for that decision, but subsequent reflection has convinced him that the court placed too narrow a construction upon the statute; that the views expressed in the dissent of the late chief justice Gilfillan were correct; and that the decision of the court should be overruled. In this view all the present members of the court concur. In our opinion, the court failed to give due weight to the very broad language of the amendment of 1877 (G. S. 1894, § 2695) which was a complete substitute for section 4 of the prior act. It provides that if a railroad company fails or neglects to fence its road, and to maintain such fences, it "shall hereafter be liable for all damages sustained by any person in consequence of such failure or neglect."

As was said by the late chief justice, the duty created by the statute is absolute, and, as we have decided, it is not a mere fence law, but a police regulation designed for the benefit of the public. It may be conceded that, in an action for a neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but that he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security. But the question for whose benefit or protection a statutory duty was imposed depends on the purview of the legislature in the particular statute, and the language which they have there employed. From the fact that the dangers from leaving a railroad unfenced most frequently arise from domestic animals straying on the track, and most of the decided cases involved that state of facts, it is very natural for us to become impressed with the idea that such statutes were designed merely to guard against the dangers resulting from such animals getting upon the railroad track.

But in view of the very general and sweeping language of the statute, in connection with the fact that it is confessedly a police regulation for the protection of the public, it is not for courts to speculate

as to what was the precise intention of the legislature when they required the road to be fenced, or to assume that the prevention of animals straying on the track is all that is within the purview of the statute. If, as is conceded, it was designed to prevent dumb beasts from straying upon the track, how can we assume that it was not also designed to prevent infants, who are equally irresponsible, from straying there? As has been said, in one case a fence may be a very formidable obstruction to a child's going upon a railroad company's right of way, it may prevent his going there entirely; and, if it would, we do not think we have any right to say that his protection was not within the purview of the statute. In view of the kind of fence which the statute permits to be built, it may be in most cases a question whether the existence of such a fence would have prevented the child from straying upon the track, and hence whether the failure of the railway company to build it was the proximate cause of the injury. But that is a matter of proof on the trial. As no two statutes on the subject are altogether alike, cases from other jurisdictions are not exactly in point, but as supporting, more or less, the views we have expressed, see Schmidt v. Milwaukee, 23 Wis. 186; Keyser v Chicago, 56 Mich. 559, 23 N. W. 311; Hayes v. Michigan, 111 U. S. 228, 4 Sup. Ct. 369; Union v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619; Williams v. Great Western, L. R. 9 Exch. 157.

It is suggested that as the decision in the Fitzgerald case has stood unchallenged for 15 years, during which the legislature has not, by amending the statute, expressed any dissatisfaction with the construction which this court had placed upon it, therefore it ought not now to be overruled, even although erroneous. The decision is not a rule of property. Neither can railway companies claim to have acquired any right, either legal or moral, under it, for it did not repeal the statute, nor relieve them from the duty of fencing their roads. The fact that the legislature has not amended the statute is not entitled to much weight. Cases where young infants are injured by straying upon an unfenced railroad track are comparatively rare, and, until such a case does arise, no one is likely to look into the matter or call the attention of the legislature to the state of the law on the subject.

Order reversed.