EDWARD WICKENBURG v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

February 24, 1905.

Nos. 14,151—(186).

**Action for Personal Injury.**

To entitle one to maintain an action for injuries to his person by reason of the negligence of another, it must appear that some obligation or duty existed on the part of the person causing the injury toward the person injured, and that the same was left undischarged or unfulfilled.

**Injury to Trespasser.**

The tracks of defendant and the Chicago, St. Paul, Minneapolis & Omaha Railway Company intersect at Turtle Lake, in the state of Wisconsin. The statutes of that state expressly require all trains operated on railroads therein, before passing over another railroad track at a point of intersection, to come to a stop at a distance of four hundred feet therefrom. Defendant, in violation of the statute, failed to stop one of its trains on the occasion complained of in this action, and negligently collided at the crossing with a train on the Omaha Road, seriously injuring plaintiff. Plaintiff is a boy about twelve years of age, and got upon the Omaha train when it stopped before passing the crossing for the purpose of riding from there to the station. He was riding upon or clinging to the steps of one of the cars of that train, in violation of a statute of the state of Wisconsin. He was not a passenger, nor did he intend to become such, and his presence on the train was unknown to the Omaha Company or any

a Reported in 102 N. W. 713.

of its employees.  It is *held* that the obligation of defendant to exercise reasonable care to avoid a collision with the Omaha train, or to injure persons lawfully thereon, did not extend to plaintiff, and he cannot recover.

Action in the district court for Washington county by plaintiff, by his guardian ad litem, to recover $10,000 for personal injuries.  The case was tried before Williston, J., and a jury, which rendered a verdict in favor of plaintiff for $2,000.  From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.  Reversed and judgment ordered for defendant.

*Alfred H. Bright,* for appellant.

*Thomas Canty* and *Bond & Armstrong,* for respondent.

BROWN, J.

Action to recover for personal injuries growing out of a collision at Turtle Lake, Wisconsin, between a passenger train on the Chicago, St. Paul, Minneapolis & Omaha Railroad and defendant at a crossing of the two roads.  Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts are as follows:  The tracks of the two railroads intersect at Turtle Lake, in Wisconsin.  On both of the roads, four hundred feet from the point of intersection, each company placed what is termed in the record a "stop board," at which, by the statutes of the state of Wisconsin, all trains are required to come to a stop before passing over the crossing.  On the occasion in question the Omaha train complied with the law—at least, the evidence is sufficient to justify the jury in so finding—but the train operated by defendant, according to the evidence, neglected to do so, in consequence of which its train ran into the Omaha train at the crossing, seriously injuring plaintiff.  Plaintiff is a boy between twelve and thirteen years of age, and on the day of the collision got upon the Omaha train when it stopped at the "stop board" for the purpose of riding from there to the station, which was some distance beyond the crossing.  He was upon the forward steps of a combination car attached to the Omaha train, between that and the mail car. He was not a passenger, nor did he intend to become such, nor an employee of the Omaha Company, and, so far as the record discloses,

had no right upon the train, and his presence was unknown to the employees operating the same. In addition to the fact that he was not upon the train as a passenger, or with the consent or knowledge of the Omaha Company, he was there in violation of section 4397b of the Revised Statutes of the state of Wisconsin. That statute prohibits any person under the age of seventeen years from getting upon, or attempting to get upon, or clinging to, jumping or stepping from, any railroad car or train while the same is in motion. Plaintiff, being upon the steps of the car, with his hands holding onto the hand rails, was, within the meaning of the statute, clinging to the car while the same was in motion. At the time of the collision he was either thrown from the car, or, in an attempt to save himself from injury, jumped therefrom, and received the injuries complained of. The facts are undisputed, and substantially as stated. The case presents the bare question whether defendant is liable to him for the injuries thus sustained.

It is elementary that, in order to maintain an action for an injury to the person by reason of the alleged negligence of another, it must appear that some obligation or duty existed on the part of the person causing the injury toward the person injured, and that the same was left undischarged or unfulfilled. The question in the case at bar is, what duty did the defendant owe plaintiff on the occasion in question? We have repeatedly held, in harmony with the authorities generally, that a railway company owes no duty to a trespasser upon its trains until it discovers him in a position of peril, and is not liable to him for injuries sustained through its failure to exercise reasonable and ordinary care; that liability exists, as to such persons, only for a wilful and wanton injury, and that rule applies to the case at bar.

It was the duty of defendant, in respect to operating its trains over the crossing of the Omaha Road, to comply with the statutes of Wisconsin, and bring its train to a stop before passing the crossing; and the failure to do so would constitute actionable negligence as to all persons to whom it owed the duty to so act. And, too, the elementary rule of law that one should so use his own as not unnecessarily to injure another would require the exercise of the same degree of care that is imposed by the statute. The rights, duties, and obligations respecting the operation of trains at the crossing, and liability for negligent acts of commission or omission, as between the two companies,

are reciprocal, and extend by relation to all persons lawfully upon the trains of each. The care required by the statute and the rule just stated was not exercised by defendant on the occasion in question, and the important question for consideration is whether a person occupying the position plaintiff did—a trespasser upon the train with which defendant negligently came into collision—may complain of the failure to do so. Plaintiff was not only a trespasser upon the Omaha train, but was clinging to one of the cars attached thereto while the same was in motion, in violation of express law. He was a wrongdoer, and, if his injuries had been caused by the negligence of that company, instead of the negligence of defendant, he would unquestionably have had no redress. It seems to us that it would be doubtful logic that would grant him relief against defendant. While he was not a trespasser as to defendant when he got upon the Omaha train, he was such at the point of intersection of the two roads, for the rights of defendant at the crossing were equal to those of the Omaha Company.

The rule applicable and which controls the decision in this case is correctly stated in Akers v. Chicago, St. P., M. & O. Ry. Co., 58 Minn. 540, 60 N. W. 669. It was there said: "Actionable negligence is the failure to discharge a legal duty to the person injured. If there is no duty, there is no negligence. Even if a defendant owes a duty to some one else, but does not owe it to the person injured, no action will lie." Defendant was charged in that case with failing and neglecting to block a frog in one of the yard tracks over which plaintiff, a trespasser, was walking, in consequence of which failure his foot was caught in the frog, and he was injured. The court held that although defendant was under obligations to block the frog, as to its employees and others rightfully upon its premises, it did not owe that duty to plaintiff. Unless we are prepared to ingraft an exception upon the general rule that a trespasser is not entitled to recover for injuries, resulting from the failure to exercise ordinary care on the part of the person inflicting the injury, plaintiff cannot recover. This we are not prepared to do.

The fact that the accident complained of was caused by the failure of defendant to observe a statutory requirement—to stop its train before passing the crossing—is of no special significance. The mere fact that defendant violated the statute does not enlarge the rule of responsibility, and render it liable to one to whom it would not be liable if the statute did not exist. Illinois v. O'Connor, 189 Ill. 559, 59 N. E. 1098.

The main contention of plaintiff's counsel is that defendant is in no position to be heard to say that plaintiff was a trespasser upon the Omaha train; that liability for its negligence extends to him, as well as to all other persons upon the train at that time. This contention goes to the substance of the question, and cannot be sustained without denying to defendant the right to be heard in its defense, and to show that it was under no obligation to plaintiff; and this in the face of the fact that plaintiff's right of recovery is exclusively predicated upon defendant's failure to perform and fulfil an alleged duty it owed him. If a recovery may be had by a person occupying the position plaintiff did—riding upon the steps of the Omaha train without the knowledge or consent of the company—then the individual known to the world as the "tramp," riding upon the brake beams under the car, would be equally entitled to recover; and the courts would hesitate long, in an extreme case of that kind, to declare that he was entitled to recognition.

We need not indulge in a discussion of the question whether persons upon a train with which another negligently collides, who are there with the knowledge and consent of the company, riding without payment of fare with the consent of the employees or upon forged passes, or other unlawful or fraudulent means, would be entitled to recover. There is a marked distinction between persons riding on a train with the knowledge and consent of its employees, and persons situated as plaintiff was—upon the steps of one of the cars attached to the train, without right, in violation of express law, and without the knowledge or consent of the company.

In view of the elementary principles of law with which we are confronted, we are constrained to hold that plaintiff is not entitled to recover. He was a trespasser upon the Omaha train—there without the knowledge or consent of the Omaha Company—and defendant owed him no duty and was under no obligation to exercise reasonable and ordinary care for his protection. While the rule extends to all persons lawfully upon the train with which defendant's train collided, it did not extend to plaintiff.

The facts in the case are not in dispute. There is no probability that a better case can be made on a second trial, and the order appealed from will therefore be reversed, and the cause remanded, with directions to the court below to enter judgment for defendant.