## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 31, 1921.

BENJAMIN BANKS
VS.
SAMUEL CRYSTAL AND ISIDOR SCHWARTZ, TRADING AS CRYSTAL BAKERY.

*E. M. Altfeld* for plaintiff.

*E. W. Wells* and *E. L. Ward* for defendants.

BOND, J.—

There was evidence that the plaintiff had climbed into the back of a truck, unknown to the owner and driver, to run from Center Market to Belair Market, and that he was injured in a collision between that truck and one owned and driven by the defendants, at the Fallsway and Baltimore street. On this the court was asked to rule that the defendants owed no duty and were under no liability to one in such a position, and upon the authority of cases then at hand it was so ruled; but the plaintiff's counsel was asked by the court to bring the question up for further argument on a motion for a new trial. This has been done, and the question argued; and I have concluded that the ruling was wrong.

The question of the relative rights and obligations of a man in a wrongful position on another's property, and a man who is a stranger to both and who may be guilty of dangerous negligence, seems never to have come before the Court of Appeals in this State. There are not many decisions on exactly that point elsewhere, and those that have been cited have taken opposite views. It is, of course, clear enough that a trespasser, or even a bare licensee, on another's property cannot have an action against that other for injury from dangerous conditions on the premises. So much has been decided in Maenner vs. Baltimore Traction Company, 77 Md. 535; and it is the general rule everywhere under the common law. It is a rule at least as old as the case (still frequently cited) of Blyth vs. Topham, Cro. Jac. 158, in which recovery was denied for injury to a mare which strayed off the highway and into a ditch dug on a common. The judges there agreed in the argument that the digging was lawful as against the owner of the mare. The rule is variously explained. Often it is stated that a plaintiff may not recover unless he shows breach of a duty owed to himself in particular, and that the owner owes no duty to a trespasser or licensee. Actionable negligence, it is stated, consists of violation of a duty to the person injured, and the injured, in order to recover damages, must show a duty owed to himself by the defendant and a violation of that duty. Again, the plaintiff must show a legal right in himself, and that right infringed. Maenner vs. Carroll, 46 Md. 193. By an extension of this idea it is sometimes stated generally that a man cannot sue for any injury suffered by him at a time when he was himself a wrongdoer. (See Pollock on Torts, 6 ed. 173).

It is from this rule as a starting point that the problem which arises in

the present case has usually been attacked. Is not the plaintiff, occupying the position he does at the time of the injury, a man without rights, under the rule just stated? It is certain that he has none against the man driving him—has he any more against the man driving into him? In the case of Wickenburg vs. Minn. St. Paul, &c., Ry. Co., 94 Minn. 276, the court denied a right of recovery to a boy who had been stealing a ride on the steps of a car of one railroad, and was injured in a collision with a train of another railroad at a crossing. The suit was against the company which owned the second train. "If," said the court, "a recovery may be had by a person occupying the position plaintiff did, riding upon the steps of the Omaha train, without the knowledge or consent of the company, then the individual known to the world as the 'tramp' riding upon the brake beams under the car would be equally entitled to recover; and the courts would hesitate long, in an extreme case of that kind to declare that he was entitled to recognition." And this view seems to have been concurred in by the New York Court of Appeals in the case of Grimshaw vs. Lake Shore and M. S. Ry. Co., 205 N. Y. 371, 376. On the other hand, in Cincinnati Ry. Co. vs. Wright, 54 Ohio St. 181, recovery was allowed for the death of a boy who had been stealing a ride on a truck, against a corporation whose street car was negligently driven into collision with the truck. In Terrell vs. Durham Traction Co., 90 S. E. Rep. 893, recovery was allowed against a company whose wire, sagging across railroad tracks, caught the plaintiff who was riding without proper authority on top of a freight train. There are other cases cited by plaintiff's counsel which support the view of the last two cases. Plaintiff's counsel suggests another suppositious case, that of a trespasser on a vacant lot injured by a bullet fired recklessly across the lot by another trespasser. And there may be help in still other supposed cases. Suppose, for instance, that a beam dropped from a building upon a busy street strikes a fugitive from justice, or a boy playing truant. Suppose, further, that the boy just spoken of had seated himself without authority of the owner on a wagon drawn up to the curb. Suppose the trespasser on a railroad car, to be stealing a ride inside, in the regular seats for passengers, instead

of on the brake beams. Again, we may suppose a case of a chauffeur driving without authority and negligently injured in a collision; or suppose a thief is thus injured in a stolen car. By what principle is a correct course to be steered through such cases?

I believe the difficulty and uncertainty on this subject arise partly from the fact that we customarily consider only the legal position of the owner of premises on which a trespasser is injured, and have our notions formed from that viewpoint, and partly from an uncritical application of the general expressions used in stating that legal position. I think that many lawyers would shrink instinctively from holding a negligent outsider answerable without distinction to a tramp on the brake beams of a car and a passenger inside, but I can not see that they can shrink on principle. In the first place, as Pollock has observed (Torts, 6 ed. 173), there is no such general rule of law as that which would treat a wrongdoer to one other man as an outlaw to all men. On the contrary it would seem that the legal consequences of his wrongdoing are to be taken as limited to the proper adjustment with the party wronged, and in case of a crime, answering to the State. And in the second place it seems that the denial of recovery to a trespasser injured on private premises, in a suit against the owner, is not strictly speaking, a consequence of the plaintiff's wrongdoing, not a visitation upon him of any penalty of the law. The rule seems rather an incident of private ownership, the freedom of the owner to do as he pleases within his own boundaries. The owner has a right to maintain on his property, generally speaking, any danger he pleases, so long as that danger does not reach the people outside. He has a right to elect and limit the people, if any, who shall be subjected to the danger within his boundaries, and he does limit them to what are called his "invitees." He sets the danger in operation only within limits of his own choice, and people outside those limits are people whom the owner, within his rights, has not chosen to endanger. Some of the older cases decided when this branch of the law had not become so far crystallized into familiar formulae seem to reason in this way. (See opinion of Dallas, J., in the case of Deane vs. Clayton, 7 Taunt. 522, cited by Judge Alvey in the

opinion in Maenner vs. Carroll.) The explanation may start from the viewpoint of the injured man and dwell on the right or lack of right in him, but I believe that can be no more than a converse statement of the same result of private ownership of the property on which the injury has occurred. The inference which might be drawn from some of the decided cases; that there can be no actionable negligence unless in some way there had previously been imposed upon the defendant a special duty to the injured individual as distinguished from the rest of the world, seems clearly invalid; the duty of care on a highway is not to chosen individuals, but to all the world. It is only in respect to individuals injured while on private property that the duty is limited by choice. On a highway, in any place where the defendant does not so limit his relations, there can, I think, be no distinction on any valid principle between individuals to whom the defendant owes the duty of care, and who, themselves, in turn, have the right to the protection of due care on his part. If we suppose the owner of the invaded property to ratify and approve the trespass subsequently, then it seems to me clearer that there can be no good objection to holding an outsider for a negligent injury to the trespasser, and that our shrinking from allowing such recovery is, as has been said, born of considering the owner's position only. In the case of Guinn vs. Del. & Atl. Tel. Co., 72 N. J. Law, 276, a suit for the death of a man killed by a broken electric wire while he was crossing an open field, the court said that if he was a trespasser "his wrong would be to the landowner alone, not a public wrong, nor a wrong to the defendant." And that seems to me to be the correct view.

The supposed case of a tramp riding on a freight train, or any trespasser where men are not ordinarily to be looked for, may involve another question, that of a duty to act in anticipation of danger to such a person, a question which is not involved in the present case. And we are not now discussing possible contributory negligence in taking a dangerous position. The point of law now under discussion does not cover the whole case, and the defendants have defenses on the facts as well as on the law. These should, in my opinion, be presented in a new trial.