JULIUS JENSEN, AS FATHER OF HOLGER JENSEN v.
CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY AND ANOTHER.[1]

June 29, 1923.

No. 23,457.

**Question of defendant's negligence in fencing tracks for the jury.**
1. Action for injuries to a child under 4 years of age who went
upon defendant's tracks at a place where they were not fenced. The
burden was on defendant to prove facts bringing this place within the
exception to the statute requiring fences. The proof was not con-
clusive and the question was properly submitted to the jury.

**Rulings and charge correct.**
2. There were no errors in the charge and no prejudicial errors in
the rulings.

Action transferred to the district court for Freeborn county to re-
cover $25,000 for injuries received by plaintiff's minor son. The case
was tried before Meighen, J., who when plaintiff rested granted the
motion of defendant Damm to dismiss the action as to him and de-
nied a similar motion by defendant company, and at the close of the
testimony denied defendant company's motion for a directed ver-
dict, and a jury which returned a verdict for $8,000. From an order
denying its motion for judgment notwithstanding the verdict or for
a new trial, defendant company appealed. Affirmed.

F. W. Root, C. O. Newcomb and A. C. Erdall, for appellant.
Tautges & Wilder, for respondent.

TAYLOR, C.
Plaintiff resided in the city of Albert Lea about a block from the
tracks of defendant railway company. His little boy Holger, be-
tween 3 and 4 years of age, apparently attempted to follow some
older children across these tracks. He was struck by a locomotive
engaged in switching operations and sustained injuries which made
it necessary to amputate his right leg above the ankle. Plaintiff, as

[1]Reported in 194 N. W. 620.

the father of Holger, brought this action in his behalf against the railway company and the engineer who was operating the locomotive at the time of the accident.   At the close of plaintiff's evidence the action was dismissed as to the engineer and the trial proceeded against the railway company only.   It resulted in a verdict of $8,000 for plaintiff.   The railway company made the usual alternative motion for judgment notwithstanding the verdict or for a new trial.   The appeal is from the order denying this motion.

The court withdrew from the jury all claims of negligence except the claim that the railway company was negligent in failing to fence its tracks at the place of the accident.   The statute provides:

"Every such company shall build and maintain on each side of all lines of road owned and operated by it, good and substantial fences, and shall build and maintain good and sufficient cattle guards at all road and street crossings and other openings, except at station and depot grounds, and other places which the necessary business of the road or public convenience requires to be open."   G. S. 1913, § 4263.

The main track of defendant's railway extends in an easterly and westerly direction through the city of Albert Lea and crosses the tracks of the Minneapolis & St. Louis Railroad in the western part of the city at nearly a right angle.   Defendant's depot, freight house and platforms for loading and unloading, are east of this crossing. Defendant also has 8 or 9 sidetracks east of this crossing which are used largely for carrying freight to and from various industries. Defendant has only one sidetrack west of this crossing.   It extends along the south side of the main track for a distance of about 1,250 feet and is connected with the main track at each end by switches. The switch at the east end is something over 50 feet west of the crossing.   This sidetrack is used as a passing track and also as a switching track.   Trains are made up and "broken up" on it daily. While that portion of the right of way which includes this sidetrack, or the greater part of it, is within the platted part of the city, there are no streets or highways crossing it.   The accident happened on this part of the right of way about 400 feet west of the crossing.

Defendant contends that the evidence shows conclusively that the place where the accident occurred was a place where it was not re-

quired to maintain fences, and that the court erred in submitting that question to the jury.

The statute required defendant to maintain fences on each side of its tracks, "except at station and depot grounds, and other places which the necessary business of the road or public convenience requires to be open."

It was admitted that the tracks were not fenced at the place of the accident and the burden was on defendant to prove facts bringing that place within the exception. Cox v. Minneapolis, S. S. M. & A. Ry. Co. 41 Minn. 101, 42 N. W. 924; Nickolson v. Northern Pac. Ry. Co. 80 Minn. 508, 83 N. W. 454.

Defendant sought to do so by showing that this track was used for switching operations, and that this part of its right of way constituted a part of its switching yards. It may be conceded that switching yards crossed at grade by streets are exempt from the requirement to fence for the reason that the necessary cattle guards "would prove death traps to switchmen." Nickolson v. Northern Pac. Ry. Co. 80 Minn. 508, 83 N. W. 454. But here there are no streets or highways crossing the tracks and no need for cattle guards at any point within the city limits west of the right of way of the Minneapolis & St. Louis Railroad, unless perhaps at the intersection of defendant's main track with this right of way. So far as the evidence discloses no other would be needed west of that point until the main track crossed some rural highway. Defendant urges that the sidetrack in question is so near the southerly boundary of its right of way that a fence along that boundary would be dangerous to its employes; that in switching operations switchmen frequently stand on the ladder on the side of a car and would be liable to be brushed from such positions by coming in contact with the fence. We see little force in this argument, for defendant has failed to show any necessity for locating the sidetrack where it would expose employes to such a danger. Defendant failed to show conclusively, or as a matter of law, that the place of the accident was a place "which the necessary business of the road" required to be open, and the court properly submitted that question to the jury. Snell v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 87 Minn. 253, 91 N.

W. 1108; Mattes v. Great North. Ry. Co. 95 Minn. 386, 104 N. W. 234.

The court also submitted to the jury the question whether the failure to fence was the natural and proximate cause of the accident, and in connection therewith defined what would constitute a lawful fence and told them that such a fence would be a sufficient compliance with the law. The court then told them that there were other fences which would also be a compliance with the law and proceeded to define them. These other fences were those consisting in part of woven wire required under some circumstances. The court then told them that these "are all fences which are substantially equivalent to the fence which I have described and would be a sufficient compliance with the law."

He then directed the jury to determine "whether or not the required fence would have kept this boy, Holger Jensen, from going upon defendant company's right of way on the occasion and at the place in question."

A woven wire fence was not required at this place and defendant urges that the jury may have rendered their verdict on the theory that it was defendant's duty to construct a woven wire fence. We think the court made it clear that the only fence required was a fence constructed of four barb wires and that the others mentioned were merely those which might be constructed as equivalent to the one first described. It was perhaps unnecessary to describe these other fences, but, if defendant feared that describing them would confuse the jury, attention should have been called to it at the time. The charge as a whole was clear, correct and eminently fair. We find nothing in it of which defendant has any just ground to complain. Neither do we find any prejudicial errors in the rulings on the admission and exclusion of evidence.

Defendant insists in its brief that the verdict was excessive, but did not urge that point at the oral argument. The amount awarded by the jury has been approved by the trial court and we think this court would not be justified in interfering with it.

Order affirmed.