BEN DENZER v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 13, 1933.

No. 29,336.

---

[1]Reported in 248 N. W. 44.

*Robb, Rich & Frohne,* for appellant.
*A. L. Janes* and *J. H. Mulally,* for respondent.

DIBELL, Justice.

Action for death by wrongful act. There was a verdict for the plaintiff. The defendant moved in the alternative for judgment notwithstanding or a new trial. The motion for judgment notwithstanding was denied, and the motion for a new trial was granted. The plaintiff appeals from the order granting the motion for a new trial.

On November 22, 1930, the plaintiff's intestate, his son, a boy about nine years of age, and another boy a few years older were picking up coals along the right of way of the defendant about a mile westerly from the station at Sauk Center. A train came along and hit and killed the decedent. The court instructed the jury that the boy was a trespasser, and for the purposes of this appeal it is so. The question in the case is upon the correctness of an instruction as to the defendant's negligence, assuming that the decedent was negligent.

The plaintiff claimed that when the train came around the curve from the west the trainmen, if they had exercised ordinary or reasonable care, could have discovered the boy in a position of danger and stopped the train, thus avoiding the accident. The court instructed the jury:

"If from all the evidence you believe that if defendant's agents and employes had used reasonable and ordinary care in looking ahead of the engine as it progressed and that by the exercise of such ordinary care they would have discovered the presence of the decedent in time to have by the exercise of reasonable care avoided the accident, and that their failure in that respect was the proximate and sole cause of decedent's death, then the defendant company would be liable in this action."

Again it instructed the jury:

"If you find from the evidence that the employes of defendant company while in the exercise of reasonable care on their part failed to discover that decedent was in a place of danger on the bridge in time to avoid the accident by the exercise of ordinary care, then the defendant company would not be liable and your verdict must be for the defendant."

It granted a new trial upon the ground that it committed prejudicial error in putting the duty upon the trainmen of discovering trespassers on the bridge.

The rule is that the trainmen are not bound to exercise diligence in discovering trespassers on the tracks.

The trial court made the charge upon its interpretation of the charge in Rawitzer v. St. Paul City Ry. Co. 93 Minn. 84, 87, 100 N. W. 664, 666, where the court said:

"A trespasser on a railroad track, who is unaware of danger, and is known to be in manifest peril by the person in control of an engine or street car, is not altogether remediless for the consequence of wanton and reckless injury after such peril is, or with reasonable prudence should be, discovered."

The phrase "or with reasonable prudence" is the one which gives the trouble. The case is different in that the injured boy was riding on a bicycle on the street car tracks. He had a right to be there; and it was the duty of the motorman to be on watch.

Language similar to that just quoted from the Rawitzer case was disapproved, though the case was not cited, in Anderson v. M. St. P. & S. S. M. Ry. Co. 103 Minn. 224, 226, 114 N. W. 1123, 1124, 14 L.R.A.(N.S.) 886, where a demurrer was overruled and a reversal followed. The allegation was that the trainmen "in charge of said locomotive, although they knew, *or in the exercise of ordinary care on their part could readily have known or ascertained,*" that the plaintiff was in an exposed and dangerous position, nevertheless failed to check the progress of the said locomotive, or give any signal or warning of its approach. The court said that if the

italicized portion had been omitted from the complaint it admittedly would have stated a cause of action in favor of the plaintiff, notwithstanding his own contributory negligence, because it would then allege that the defendant was guilty of wilful negligence in the premises. But the italicized words nullified the direct allegation immediately preceding.

A trespasser is not necessarily without protection. When found in a place of imminent danger care must be exercised in his behalf. And of course a trap may not be set. The law however is not that it is the duty of trainmen to look out for unexpected and unknown trespassers. They owe no duty until they find them. It is not a question of negligence in not finding them. It is a question of not exercising care after finding them. Thus in Denman v. St. P. & D. R. Co. 26 Minn. 357, 358, 4 N. W. 605, 606, where a trespasser sitting on a railroad track was killed, the court said:

"The defendant owed him no duty, except that of exercising due diligence to avoid injuring him, after discovering that he was there. If the defendant's employes in charge of the train had neglected to watch the track, and so had failed to observe some obstruction by which the train was thrown from the track, and, as a consequence, a passenger was injured, the case (unless some excuse appeared) might well be one in which the defendant would be liable to the passenger for negligence. The reason would be because the defendant owed the passenger a duty, the neglect of which had occasioned the injury. But, for the reasons before given, the plaintiff occupies a position entirely different from that of the passenger."

This case succinctly states the rule. The trainmen owe no duty to a trespasser to be on the watch for him to avoid doing him injury. They owe a duty to passengers and perhaps some others to watch the track for dangers. Ascertaining a trespasser on the track, they owe him a duty of ordinary care to avoid doing him harm.

Order affirmed.