CARL OLSTAD v. LOUIS FAHSE.[1]

December 16, 1938.

No. 31,739.

[1]Reported in 282 N. W. 694.

*Freeman & King,* for appellant.

*Joseph P. O'Hara,* for respondent.

LORING, JUSTICE.

In an action to recover for the death of his intestate the plaintiff had a verdict, and the case comes here upon appeal by the defendant from an order denying his motion for a new trial.

Neva Phillips was killed about midnight of August 4, 1937, while walking along highway No. 212 between the villages of Hector and Buffalo Lake. At the time she was killed she was accompanied by another young woman named Hilda Nenn. The two young women had been riding with two men, and about a half mile west of where the accident occurred they got out of the car in which they had been riding and started to walk easterly on the south side of the paved highway. Hilda Nenn said they were walking on and along the shoulder, which at that point is smooth and level and surfaced with a mixture of gravel and dirt. Hilda noticed the lights of a car approaching from the west at a high rate of speed. This car struck Neva Phillips, killing her instantly and throwing her some 50 or 60 feet into the ditch on the south side of the highway. This ditch was planted to alfalfa, which at that time was about eight inches high, and in the darkness Hilda was unable to find the body. She herself had been thrown down by the impact of the car with Neva Phillips, with whom she had been walking arm in arm and who she said just "flew away from her." The defendant was driving the car which struck Miss Phillips, and the impact bent down the right front fender, broke the glass in the right headlight, and twisted that light to the right. Headlight glass was found strewn along the shoulder, and skid marks apparently made by tires with the brakes set were found about two feet south of the south edge of the pavement upon the shoulder at about the point of the impact. Neva's shoes were thrown upon the pavement, but no other trace

of her was to be found either upon the pavement or the shoulder. The defendant went on about 500 feet to a crossroad and there turned. Finding that his right fender was so bent down as to interfere with the right front wheel when turning, he stopped, and his passenger, Charles Coyott, pulled the fender away from the wheel so that the car could be steered freely. The defendant testified that he did not see the girls at the time that he struck Neva Phillips. Coyott testified that he had been looking down and raised · his eyes just at the moment of impact. He asserted that Neva was walking upon the pavement. Both men had had at least two highballs shortly before the accident. They claimed that after fixing the fender and noticing what had happened to the light they turned around and again proceeded westerly along the highway to see what they had hit. However, they did not notice Neva's shoes, which were lying quite conspicuously near the place where she had been struck, nor did they see Hilda or Spangenberg, the farmer hereinafter referred to. Hilda became frightened when she could not find Neva and started running easterly along the highway. She must have left the scene of the accident very soon after it occurred because she was not seen by a farmer named Spangenberg whose farmhouse was on the north side of the road almost immediately across from the point of the accident and who heard the women talking as they walked along the road and heard the car coming from the west and then heard the noise of the impact with Neva's body. He immediately slipped into his clothes, took a flashlight, and went to the scene of the accident, but did not find Neva's body until later, nor did he see Hilda or the defendant and Coyott.

■ The principal questions raised by the defendant are whether or not the court erred in sustaining objections to the questions asked of the witness Hilda Nenn relative to the girls' having drunk intoxicating liquor that evening and to evidence of witnesses who claimed that they had seen the girls under the influence of liquor. It is also asserted that the court erred in sustaining objections to certain questions relative to contradictory statements made by Hilda. As to the inquiries addressed to Hilda relative to their drinking and which were calculated to show that she was not in a

condition accurately to observe and relate the circumstances as they occurred that evening, we think the court erred in sustaining plaintiff's objections. The same is true of the exclusion of the testimony of those witnesses who saw Hilda earlier in the evening when they were prepared to testify that she was apparently under the influence of liquor. The offers of proof indicated that by these witnesses and by these questions the defendant was in a position to offer evidence that the girls had been drinking beer and were to some extent under its influence. That a witness at the time of the occurrences which he relates was under the influence of liquor is competent to show the impairment of his powers of observation and the likelihood of impaired recollection. 2 Wigmore, Evidence (2 ed.) § 933; People v. Newsome, 291 Ill. 11, 22, 125 N. E. 735; Herzig v. Sandberg, 54 Mont. 538, 541, 172 P. 132; State v. Tilden, 27 Idaho, 262, 278, 147 P. 1056.

■ The evidence that was offered to the effect that Miss Phillips had been drinking and to some extent was under the influence of alcohol presents a more difficult question. She was, under the law, required to exercise the same degree of care as that required of a sober person. On the question of her contributory negligence, if her intoxication, if any, contributed proximately to her death, it was admissible as evidence of contributory negligence; but unless it did so contribute or unless she failed to exercise the degree of care required of a sober person, the mere fact that she may have been under the influence of alcohol did not constitute contributory negligence. Guhl v. Warroad S. G. & P. Co. 147 Minn. 44, 179 N. W. 564; Lyons v. Dee, 88 Minn. 490, 93 N. W. 899; Cogdell v. Wilmington & W. R. Co. 130 N. C. 313, 41 S. E. 541; Black v. N. Y. N. H. & H. R. Co. 193 Mass. 448, 79 N. E. 797, 7 L.R.A.(N.S.) 148, 9 Ann. Cas. 485; Midland Valley R. Co. v. Hamilton, 84 Ark. 81, 104 S. W. 540; Trumbull v. Erickson (8 Cir.) 97 F. 891, 38 C. C. A. 536. In the case at bar there was some evidence that she was walking on the pavement. The jury might have concluded from the excluded evidence that her mental condition led her to do what a sober person would not have done in the exercise of care. The evidence should have been admitted.

■ Defendant, after laying a foundation, offered to show that Hilda Nenn had made statements upon certain occasions contradictory to her testimony relative to the matter of Miss Phillips' alleged intoxication and her own. This testimony was of course admissible in the light of our conclusion under paragraphs one and two of this opinion.

■ Defendant objected to Neva's father testifying that the value of her care to her three-year old son was $30 a month. His opinion was based upon his observation of the care and work bestowed by Neva on the boy. It was obviously admissible as any other well-founded opinion of value would be.

Order reversed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.

[1]Reported in 282 N. W. 691.