Robert G. O'NEAL, Appellant,

v.

BURLINGTON NORTHERN, INC., Respondent.

No. C6-87-1211.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Stephen R. Van Drake, Brainerd, for appellant.

Megan K. Ricke, St. Paul, for respondent.

Heard, considered and decided by NORTON, P.J., and MULALLY *, and LOMMEN *, JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Appellant Robert O'Neal was severely injured by a train owned and operated by respondent. The trial court granted respondent's motion for summary judgment, and O'Neal appealed. On appeal, appellant argues the trial court erred in concluding that he was not within the class of persons intended to be protected by Minn.Stat. §§ 219.31–.33. We affirm.

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

At approximately 5:30 p.m. on July 7, 1979, a train owned and operated by respondent ran over appellant's left leg, severing it below the knee. At the time of the accident, appellant was sleeping or sitting on the ground next to the railroad tracks, leaning against a bridge, with one leg extended across the track.

Appellant had spent the evening of July 6 at a party where he got drunk. He awoke on July 7 with a hangover and decided to go with some friends to a bar on Hennepin Avenue in Minneapolis. Appellant and his friends spent the morning and afternoon of July 7 at the bar and then decided to buy more liquor at a liquor store.

Having bought the liquor, appellant and his friends walked onto the railroad right-of-way at a point near Chestnut Avenue and Seventeenth Street North in Minneapolis. Appellant admits he was intoxicated at the time he entered the right-of-way. After drinking some of the liquor, the group moved down the track to a point near the Holden Street Bridge. The accident occurred at this point. The location of the accident was owned by respondent; the place where appellant and his friends entered the right-of-way was owned by the Chicago Northwestern Railroad Company at the time of the accident. It has since been sold to Hennepin County.

The train which struck the appellant was 21 cars long with one engine. It was travelling at between 10 and 20 miles per hour and had its headlight on. The train had a crew of four, three of whom were in the locomotive; the fourth was in the last car. Approximately 150 feet west of the scene of the accident, one of the crew members, Brendan Rathman, who was sitting on the left side of the locomotive, spotted two people sitting on the ground against the bridge. He warned the engineer, Michael McMahon, to blow the whistle, and McMahon did so. According to McMahon, Rathman immediately applied the emergency brakes. Both McMahon and Rathman have stated the brakes worked properly, but the train did not stop until approximately 100 to 250 feet east of the scene of the accident.

Following the accident, appellant was taken to Hennepin County Medical Center. Medical personnel observed that he smelled of alcohol. A blood alcohol test was administered; appellant's blood alcohol content was .20 percent.

On October 29, 1986, appellant moved for partial summary judgment on two issues: first, that appellant is within the class of persons intended to be protected by Minn. Stat. § 219.31 to § 219.33; and second, that respondent was required to, and failed to, have a fence on each side of its right-of-way at the scene of the accident. On December 12, 1986, respondent moved for summary judgment on six grounds: that appellant is not within the class of persons protected by Minn.Stat. § 219.31 to § 219.-33; that respondent had an adequate fence at the scene of the accident; that even if there were no adequate fence, absence of an adequate fence was not the proximate cause of appellant's injury; that appellant was negligent as a matter of law; that respondent breached no duty to appellant; and that appellant's negligence exceeded any negligence attributable to respondent as a matter of law. On March 9, 1987, the district court granted respondent's motion and dismissed the suit. The dismissal was based solely on respondent's first ground, namely, that appellant was not in the class of persons intended to be protected by Minn.Stat. § 219.33. Specifically, the court said:

> The issue becomes whether plaintiff, as an intoxicated person, is within the class of persons intended to be protected by the statute. Sec. 219.33 has been found applicable to domestic animals and a seven year old child. (Citation omitted). No case, however, has interpreted the statute to include in its protection intoxicated individuals. To equate an extremely intoxicated individual with a domestic animal or child for the purpose of the statute strikes this Court as unreasonable.

This appeal followed.

## ISSUE

Is appellant within the class of persons intended to be protected by Minn.Stat. § 219.31–.33?

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn.R.Civ.P. 56.03 (1986).

In this case, the trial court determined that the only potential source of liability on the part of the railroad was an alleged violation of Minn.Stat. § 219.31. The trial court determined, as a matter of law, that appellant is not within the class of persons intended to be protected by the statute. It is well-settled law that

in an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but that he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security.

*Rosse v. St. Paul & Duluth Railway Co.*, 68 Minn. 216, 218, 71 N.W. 20, 21 (1897).

The statute at issue reads:

Every railroad company shall build and maintain on each side of all lines of its railroad, good and substantial fences, and good and sufficient cattle guards at all road and street crossings and other openings, except at station and depot grounds, and other places which the necessary business of the road or public convenience requires to be open.

Minn.Stat. § 219.31.

This statute's predecessor was construed as intended to prevent domestic animals from straying onto the tracks so that the animals would not be injured and so passengers and employees of the railroads would not be injured if a train collided with an animal on the tracks. *Fitzgerald v. St. Paul, Minneapolis & Manitoba Ry. Co.*, 29 Minn. 336, 13 N.W. 168 (1882). The *Fitzgerald* court held that the fencing statute did not impose liability on a railroad for injuries sustained by a child who wandered onto the tracks.

The *Fitzgerald* decision was overturned 15 years later in *Rosse v. St. Paul & Duluth Ry. Co.*, 68 Minn. 216, 71 N.W. 20 (1897). In *Rosse*, Justice William Mitchell stated:

[T]he duty created by the statute is absolute, and, as we have decided, it is not a mere fence law, but a police regulation designed for the benefit of the public.

\*　　\*　　\*　　\*　　\*　　\*

If, as is conceded, it was designed to prevent dumb beasts from straying upon the track, how can we assume that it was not also designed to prevent *infants, who are equally irresponsible*, from straying there?

68 Minn. at 218–219, 71 N.W. at 21 (emphasis added).

■ Subsequent cases have consistently followed *Rosse*. It is well settled that where a child strays onto an unfenced track and is injured, the railroad may be held liable if it is shown that an adequate fence would have kept the child off the track. *Strand v. Great Northern Railway Co.*, 233 Minn. 93, 46 N.W.2d 266 (1951); *Arnao v. Minneapolis & St. Paul Suburban Railway Co.*, 193 Minn. 498, 259 N.W. 12 (1935); *Jensen v. Chicago, Milwaukee & St. Paul Railway Co.*, 156 Minn. 218, 194 N.W. 620 (1923); *Mattes v. Great Northern Railway Co.*, 100 Minn. 34, 110 N.W. 98 (1907); *Ellington v. Great Northern Railway Co.*, 96 Minn. 176, 104 N.W. 827 (1905); *Marengo v. Great Northern Railway Co.*, 84 Minn. 397, 87 N.W. 1117 (1901); *Nickolson v. Northern Pacific Railway Co.*, 80 Minn. 508, 83 N.W. 454 (1900).

Explaining the reasoning behind this, the *Ellington* court stated:

[A]s to certain animals, such as horses, it would be clear, as a matter of law, that a fence would "turn" them, and as to other animals, such as sheep or swine, it would be a question of fact depending upon the size of the animal; and in a case like that at bar, whether a fence constructed as required by law would prevent children from passing it and going upon the right of way is a question of fact, to be deter-

mined according to the facts and circumstances presented by the evidence.

96 Minn. at 179, 104 N.W. at 828.

The *Strand* court restated the rule as follows:

It thus appears that a child is not within the class of persons protected by this statute unless in point of responsibility he can be classed with domestic animals. Applying a slightly different test, a child is not within the protection of the statute if he is possessed of sufficient mentality and ability so that a fence of the kind required by the statute would not have deterred him from going onto the railroad right of way. The latter test seems to be the one most often applied.

233 Minn. at 99, 46 N.W.2d at 270.

█ The law is clear that the statute is intended to protect only those children who (1) are irresponsible enough to play on railroad tracks, and (2) who would not be able to scale a legal fence. Appellant clearly does not fit this category. At the time of the accident, he was 30 years old. As *Rosse* made clear, coverage was extended to children based on their youthful irresponsibility. 68 Minn. at 218–219, 71 N.W. at 21.

█ Appellant contends, however, that he should be considered as irresponsible as a child because he was extremely intoxicated. The law in Minnesota is that an intoxicated person is required under the law to exercise the same degree of care as a sober person. *Kedrowski v. Czech,* 244 Minn. 111, 69 N.W.2d 337 (1955); *Olstad v. Fahse,* 204 Minn. 118, 282 N.W. 694 (1938). To treat appellant as an irresponsible child because of his intoxication would ignore this basic rule of law.

Appellant further contends that he was so intoxicated he probably would have been deterred by a fence. This, he urges, creates an issue of material fact, based on the following quote from *Strand:*

In each case there is a simple question of fact as to whether or not a legal fence would probably have prevented a child of the plaintiff's age, ability, intelligence, and discretion from entering the railroad right of way.

233 Minn. at 101, 46 N.W.2d at 271. Appellant argues that, *at the time of the accident,* he was so drunk he lacked the physical and mental ability to cross a legal fence.

As discussed earlier, appellant's intoxication does not alter his duty to behave as a sober person would. The courts have been unwilling to extend the protection of the fencing statute to 30–year–old men. Appellant's intoxication should not be allowed to become the basis for an exception to the rule that the statute is intended to protect domestic animals and irresponsible children.

Finally, it should be noted that Minn. Stat. § 219.31—.33 was the subject of legislative action in 1985. The legislature in 1985 cleaned up the language of the statute, dividing sections into subdivisions and eliminating much of the "legalese." 1985 Minn.Laws ch. 265, art. 4, § 1. The 1985 changes did not affect the substantive language of the statute. When the legislature re-enacts a law previously construed by a court of last resort, the legislature intends to adopt that construction. Minn.Stat. § 645.17(4) (1986). The legislature has re-enacted the substantive law of §§ 219.-31–.33 following several decisions of the Minnesota Supreme Court that the protection of the fencing statute is limited to domestic animals and irresponsible children. It should not be presumed that the legislature intended to expand the coverage.

### DECISION

Appellant is not within the class of persons intended to be protected by Minn.Stat. § 219.31–.33. His argument that his intoxication puts him in this class was properly rejected by the trial court.

Affirmed.