**Edwin STEFFEY, Appellant,**

v.

**SOO LINE RAILROAD COMPANY,
Respondent.**

**No. C8–92–1760.**

Court of Appeals of Minnesota.

April 6, 1993.

Review Denied May 28, 1993.

Randall J. Fuller, Gary T. LaFleur, Babcock, Locher, Neilson, & Mannella, Anoka, for appellant.

John F. Cook, CP Legal Services, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and RANDALL and PETERSON, JJ.

## OPINION

PETERSON, Judge.

In this personal injury action, Edwin Steffey argues the trial court erred in not granting his motion for summary judgment because a federal railroad safety law created a statutory duty of care that the Soo Line owed to a trespasser such as himself and the railroad's violation of the law breached this duty. Steffey also argues the trial court erred in granting summary judgment for the railroad because material issues of fact existed. We disagree and affirm.

## FACTS

Early on the morning of October 18, 1988, appellant Edwin Steffey was severely injured when a Soo Line train hit him. Steffey had spent the previous evening drinking in several bars and had a blood alcohol concentration of .27 at the time of the accident. Steffey apparently made his way to the railroad tracks in his neighborhood, although he does not remember why or how he went there. Steffey lay down on a railroad track in a fetal position and fell asleep or passed out. He was wearing a dark cap, a dark jacket and dark pants.

The three Soo Line employees who were in the engine of the train that hit Steffey gave similar accounts of the accident. The train was traveling at the maximum posted speed of twenty miles per hour and the train's headlight illuminated the track for about 300 to 400 feet ahead of the engine. Each of the three men saw something on the track when they were about 150 to 200 feet away from Steffey, but at first thought the object was a tire or other debris because there was a lot of garbage near the track in this area. When the train was about 20 to 40 feet from Steffey, he looked up. Two of the employees then realized the object on the track was a person and both shouted to stop the train. All three employees immediately applied the brakes. All three men believed they stopped the train as quickly as possible after they realized a person was lying on the track.

Steffey brought a negligence action against the Soo Line claiming the locomotive's headlamp did not illuminate the track according to federal law and that this violation of the railroad safety statutes was the proximate cause of his injuries. Both parties moved for summary judgment. Steffey did not dispute the fact that he was a trespasser on railroad property. The trial court granted summary judgment for the railroad but did not rule on Steffey's motion. The trial court concluded the railroad owed a trespasser only the duty to use reasonable care to avoid injury after it discovered him. The trial court found the railroad was entitled to summary judgment as a matter of law because it complied with the applicable standard of care by stopping the train as soon as reasonably possible after discovering Steffey.

## ISSUES

I. Did the trial court err in concluding the railroad owed Steffey only the duty to use reasonable care to avoid injury after its discovery of him?

II. Did the trial court err in concluding the railroad complied with the applicable standard of care as a matter of law?

## ANALYSIS

■ On appeal from a motion for summary judgment, we must examine the record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We must view the evidence in the light most favorable to the nonmoving party. *Id.* The nonmoving party cannot rely on the pleadings alone to defeat a summary judgment motion, but instead must produce specific facts which establish the existence of a genuine issue for trial. *See Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn.1988).

■ 1. Negligence is the breach of a legal duty. *Osborne v. McMasters*, 40 Minn. 103, 105, 41 N.W. 543, 543 (1889). A legal duty may be imposed by either the common law or a statute. *Scott v. Independent Sch. Dist. No. 709*, 256 N.W.2d 485, 488 (Minn.1977) *citing Osborne*, 40 Minn. at 105, 41 N.W. at 543–44.

The only difference is that in the one case the measure of legal duty is to be determined upon common-law principles, while in the other the statute fixes it, so that the violation of the statute constitutes conclusive evidence of negligence, or in other words, negligence *per se.*

*Id.* (quoting *Osborne*, 40 Minn. at 105, 41 N.W. at 544).

■ In Minnesota, it is well settled common law that a railroad's duty to a trespasser arises only after its discovery of him. *Wickenburg v. Minneapolis, St. P. & S. Ste. M. Ry.*, 94 Minn. 276, 278, 102 N.W. 713, 714 (1905). A railroad owes no duty to a trespasser to look for him to avoid injury. *Denzer v. Great N. Ry.*, 188 Minn. 580, 583, 248 N.W. 44, 45 (1933). Once the railroad discovers the trespasser, it owes him only the duty to exercise due care to avoid injury. *Denzer*, 188 Minn. at 583, 248 N.W. at 45.

■ Here, Steffey argues the federal Boiler Inspection Act created a statutory duty of care that the railroad owed to him despite his status as a trespasser. The Boiler Inspection Act makes it unlawful for anyone to operate a locomotive unless all its parts are in proper condition and safe to operate. 45 U.S.C. § 23 (1988). A regulation promulgated under the Boiler Inspection Act provides a train headlight must illuminate a person at 800 feet. 49 C.F.R. § 229.125(a) (1990). The purpose of the Boiler Inspection Act is "the protection of railroad employees and perhaps also of passengers and the public at large from injury." *Urie v. Thompson*, 337 U.S. 163, 191, 69 S.Ct. 1018, 1035, (1949) (citation omitted); *see also Shields v. Atlantic Coast Line R.R.*, 350 U.S. 318, 325, 76 S.Ct. 386, 391, 100 L.Ed. 364 (1956) (independent contractor working on tank car was member of class intended to be benefitted by safety appliance statute); *Scott v. Chicago, R.I. & Pac. R.R.*, 197 F.2d 259, 261 (8th Cir.1952) (Boiler Inspection Act to promote safety of public generally).

■ The Boiler Inspection Act and the analogous Safety Appliance Act are effectively amendments to the Federal Employers' Liability Act. *Urie*, 337 U.S. at 189, 69 S.Ct. at 1034. Federal courts have interpreted these three acts together to hold a railroad absolutely liable for an employee's injury caused in whole or in part by a violation of the safety laws or regulations promulgated under those laws. *Crane v. Cedar Rapids & I. C. Ry.*, 395 U.S. 164, 166, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969); *Urie*, 337 U.S. at 188–89, 69 S.Ct. at 1034.

■ However, a nonemployee who brings suit based on a violation of either safety act must sue in a state court under common-law tort theories. *Crane*, 395 U.S. at 166, 89 S.Ct. at 1708. Under Minnesota tort law,

it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but that he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security.

*O'Neal v. Burlington N., Inc.*, 413 N.W.2d 631, 633 (Minn.App.1987) (quoting *Rosse v. St. Paul & D. Ry.*, 68 Minn. 216, 218, 71 N.W. 20, 21 (1897)).

The mere fact that defendant violated the statute does not enlarge the rule of responsibility, and render it liable to one to whom it would not be liable if the statute did not exist.

*Wickenburg*, 94 Minn. at 279, 102 N.W. at 715.

 Steffey argues that because the purpose of the Boiler Inspection Act is to protect the public and because trespassers are members of the public, the Act created a statutory duty of care different from that ordinarily owed to a trespasser under the common law. However, not being a railroad employee, Steffey must look to state law for his remedy for any violation of the Boiler Inspection Act. *Crane*, 395 U.S. at 166, 89 S.Ct. at 1708. Minnesota courts repeatedly have held that railroad safety statutes do not alter the duty of care owed to a trespasser because trespassers are not within the class of persons intended to be protected by these statutes. *See, e.g., Wickenburg*, 94 Minn. at 279, 102 N.W. at 714–15; *Akers v. Chicago, St. P., M. & O. Ry.*, 58 Minn. 540, 546, 60 N.W. 669, 671 (1894); *O'Neal*, 413 N.W.2d at 634.

In *O'Neal*, this court determined a statute requiring the railroad to fence its right of way did not create any new duty of care to an intoxicated trespasser because he was not within the class of children and animals intended to be protected by the statute. *O'Neal*, 413 N.W.2d at 634. Similarly, in *Wickenburg*, a trespasser was injured when the train he was illegally riding collided with a train that had violated a

Wisconsin statute by failing to stop at a crossing. *Wickenburg*, 94 Minn. at 279, 102 N.W. at 714. The supreme court found the defendant's violation of the Wisconsin statute was of no special significance because a trespasser was in no position to complain about a violation of a railroad safety statute. *Id.* 102 N.W. at 715; *see also Akers*, 58 Minn. at 546, 60 N.W. at 671 (as trespasser was not within class intended to be protected by statute requiring railroad to maintain section of track that trapped his foot, he could not rely on railroad's violation of statute as negligence per se or even as evidence of negligence).

 Because members of the public trespassing on railroad property are not within the class of people intended to be protected by railroad safety statutes, Steffey is not protected by the Boiler Inspection Act. The trial court properly determined the Boiler Inspection Act did not alter the duty of care the Soo Line owed to a trespasser such as Steffey. *See Dobb v. Baker*, 505 F.2d 1041, 1044 (1st Cir.1974) (in dicta, court doubted Massachusetts' courts would find Boiler Inspection Act altered duty of care owed to trespasser given cases limiting duty of care owed to trespassers).

 2. In the present case, the railroad owed Steffey only the duty to use reasonable care to avoid injury after it discovered him.[1] *Denzer*, 188 Minn. at 583, 248 N.W. at 45. Generally, whether a party failed to use reasonable care is a jury question. *Jack Frost, Inc. v. Engineered Bldg. Components Co.*, 304 N.W.2d 346, 350 (Minn.1981). When the evidence is undisputed, however, and the finder of fact could reach only one conclusion, the question of negligence need not be left to the jury. *Id.*

 The evidence is undisputed in this case that as soon as the employees saw Steffey, they stopped the train as quickly as possible. Steffey introduced no evidence to show the train could have been stopped more quickly after his discovery. The evidence leads only to the conclusion

---

[1]. This duty was not altered by Steffey's intoxication at the time of the accident. *O'Neal*, 413 N.W.2d at 634.

that the railroad acted with reasonable care once it discovered Steffey. Accordingly, the trial court properly granted summary judgment for the railroad.

 Steffey also argues the railroad negligently failed to discover him in time to stop the train because it was using a faulty headlamp and its employees were accustomed to seeing debris on the track. However, because Steffey was a trespasser, the railroad owed him no duty to maintain its equipment or its tracks to enable it to discover him before the accident. *See Denzer*, 188 Minn. at 583, 248 N.W. at 45. The only duty owed to Steffey as a trespasser was to use reasonable care to prevent injury after he was discovered. *See id.*, 248 N.W. at 45. The railroad complied with this duty as a matter of law. The trial court properly granted summary judgment for the Soo Line.

### DECISION

Under state law, a trespasser such as Steffey was not protected by railroad safety statutes. Instead, the railroad owed Steffey only the duty to exercise reasonable care to avoid injury after it discovered him. Because the railroad complied with this duty as a matter of law, the trial court properly granted its motion for summary judgment.

Affirmed.